THOMAS M. BUNDY, 297889
3595-1 INLAND EMPIRE BLVD, SUITE 124
ONTARIO, CA 91764
Tel: (909) 281-3500
Fax: (909) 281-3501
E-mail: thomas@bundy-law.com

Attorney for Mahsa Parviz

FILED
CLERK, U.S. DISTRICT COURT

December 27, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ____ jgr ____ DEPUTY

**REDACTED BY THE COURT**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No.: 2:21-cr-00293-SB |
| Plaintiff | No.: US CA: 22-50160 |
| V. | |
| MAHSA PARVIZ | NOVEMBER 19, 2022 at 8:00 a.m.<br><br>Location: Courtroom of the Hon. Stanley Blumenfeld, Jr. |
| Defendant | |

DEFENDANT'S EMERGENCY MOTION FOR INDICATIVE RULING ON COMPASSIONATE RELEASE PURSUANT TO FED. R. CRIM. P. 37, 18 U.S.C. § 3582(c)(1)(a) and FED. R. APP. P. 12.1

Defendant, MAHSA PARVIZ, hereby moves this United States District Court for an

indicative ruling on her Motion for Compassionate Release, said relief being barred by a pending

appeal. Ms. Parviz prays this Court issue an indicative ruling pursuant to Fed. R. Crim. P. 37,

ruling that the Court would grant the relief sought herein if the Court of Appeals remands for that

purpose.  Subject to Fed. R. Crim. P. 37, and Fed. R. App. P. 12.1, Ms. Parviz moves for an

order granting compassionate release under 18 U.S.C. § 3582(c)(1)(a) for the extraordinary and compelling reasons to be set forth herein.

## I.  PROCEDURAL HISTORY

On December 6, 2021, Ms. Parviz was found guilty by a jury of one count of making a false statement on a passport application in violation of 18 U.S.C. § 1542 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1). On July 12, 2022, Ms. Parviz was sentenced to "a total term of 61 months: 37 months as to Count One, and 24 months as to Count Two, to be served consecutively." No. 2:21-cr-00293-SB, Dkt 121.  Ms. Parviz filed a timely Notice of Appeal, thereby divesting this Court of jurisdiction to grant the compassionate release motion.  This Court has jurisdiction to make an indicative ruling pursuant to Fed. R. Crim. P. 37, as sought within the instant motion.

## II.  LEGAL STANDARD

"If timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the Court may:

1)  Defer considering the motion;

2)  Deny the motion, or;

3)  State either that it would grant the motion if the Court of Appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37.

"[T]he Court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may

impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant reduction." 18 U.S.C. § 3582(c)(1)(A).  "A reduction in sentence under Section 3582(c) must be consistent with applicable policy statements issued by the sentencing commission," Id. And, the Sentencing Commission's policy is that "the Court may reduce a term of imprisonment (AA) (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment, if DIY, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(a). Attached hereto as EXHIBIT A, and fully incorporated herein for all purposes is a true and correct copy of Defendant's request for compassionate release, dated August 31, 2022.

Promulgated prior to the enactment of the First Step Act of 2018 ["FSA"], the relevant United States Sentencing Guidelines state that "extraordinary and compelling reasons" include: 1) medical conditions which diminish the ability of the defendant to provide self-care in prison, 2) age-related deterioration, 3) family circumstances, and 4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13(1)(a).  The continued applicability of the Guidelines post-FSA is a subject of conflicting authorities and no longer mandatory. *See United States v. Rodriguez*, 424 F.Supp.3d 674, 681-682 (N.D. Cal. 2019) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements [after the enactment of the FSA], courts 'can determine whether any extraordinary and compelling reasons other than those

delineated in U.S.S.G § 1B1.13 cmt. N.1(a)-(c) warrant' compassion release." (*quoting United States v. Brown*, 411 F.Supp.3d 446, 449 (S.D. Iowa 2019)).

### III.   FACTS

The extraordinary and compelling reasons in support of granting this motion for compassionate release include 1) medical conditions – unspecified disorder of breast, seizures, asthma, hypertensions, heart disease (atrial fibrillation), fibromyalgia, migraines, syncope, chronic pain, and paroxysmal loss of function in the lower extremities – which render Ms. Parviz capable of only limited self-care and confined to a bed more than 50% of waking hours; and 2) the current COVID-19 pandemic and resulting serious health risks present due to an inability to maintain social distancing and sanitary conditions, demonstrating extraordinary circumstances in combination with the first factor established.

Ms. Parviz's medical records indicate that she has a history of breast cancer and underwent a partial mastectomy, and then received silicone breast implants in 2007.  In August 2021, while in custody at MDC- Los Angeles, Ms. Parviz's breasts ruptured, and she has since had severe breast and chest pain.  Medical staff at MDC-Los Angeles determined that Ms. Parviz suffers from capsular contracture and ruptured breast implants, and that breast revision surgery is medically necessary.

Ms. Parviz's medical records from May 25, 2022, at 8:38am, reflect an administrative note per Integrated Medical Solutions ["IMS"]: all of the "surgeons she called, said it was a liability and should go back to her original plastic surgeon who did her breast implants."  Her medical records identify her primary qualifying serious and/or terminal illness as: disorder of breast, unspecified, N649 – Current (See FBOP medical records: 3 pages, generated August 17,

2021 at 12:03 by Miranda, Jeannette FNP-BC; 2 pages – generated October 22, 2021 13:46 by Hernandez, H. PA-C; 1 page – generated May 5, 2022 08:38 by Toh, R. (MAT)MD).

## IV.    ARGUMENT

The aforementioned health concerns are serious and life-threatening, and they should compel this Court to release Ms. Parviz so that she will not suffer needlessly, come to greater injury including death, and may obtain the treatment she requires, and which the BOP has heretofore denied her.  She has exhausted her administrative rights with the BOP, having attempted to have her serious healthcare issues addressed on numerous occasions.  In addition to warranting compassionate release, the extraordinary and compelling reasons identified *supra* constitute cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.  Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, and this includes indifference manifested by prison doctors and medical staff in response to the prisoner's legitimate and serious healthcare needs.  It also includes prison guards intentionally denying or delaying access to medical care, or intentionally interfering with the treatment once prescribed. Since May 2022, BOP doctors have been aware the Ms. Parviz must be allowed to undergo medically necessary reconstructive surgeries, but they have delayed and denied access to care by refusing Ms. Parviz's care by refusing her requests for a furlough, or alternative mechanisms to undergo her medically necessary surgeries.

The Centers for Disease Control ["CDC"] have stated that "[h]eart disease, hypertension, prior stroke, diabetes, chronic lung disease, and chronic kidney disease have all been associated with increased illness severity and adverse outcomes," for people who contract COVID-19. *See* CDC, Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus

Disease (COVID-19), available at https://www.cdc.gov/coronavirus/2019-

ncov/hcp/clinical/guidance-management-patients.html. Ms. Parviz is at a significantly higher risk

of severe illness due to her comorbidities.  She is unable to effectively socially distance herself

and maintain sanitary conditions due to her chronic pain, limited mobility, and limited ability to

administer self-care in the prison environment, as she is confined to a bed for more than 50% of

waking hours.

The Court must also consider whether Defendant is a danger to the community, based on

the Sentencing Commission's policy statements. Included in the Sentencing Commission's

policy statements is a requirement that a party requesting compassionate relief is "not a danger to

the safety of any other person or to the community." U.S.S.G. 1B1.13. (*United States v. Baeza-*

*Vargas*, 532 F. Supp. 3d 840, 843). Ms. Parviz has no violent history, and the release plan

proposed would reliably address any concerns the government has about any non-violent danger

Ms. Parviz might pose.

Further, under 18 U.S.C. § 3582(c), a court is required to "consider the factors set forth

in section 3553(a) to the extent that they are applicable" when analyzing a motion for

compassionate release. The § 3553(a) factors include:

"[T]he nature and circumstances of the offense and the history and characteristics of the

defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges

established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing

Commission; the need to avoid unwarranted sentencing disparities among similarly situated

defendants; and the need to provide restitution to victims." See *United States v. Trujillo*, 713

F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). To grant relief, a court must find

both an extraordinary and compelling reason for compassionate release and that the §

3553(a) factors warrant compassionate release. *See United States v. Magana-Lopez*, No. CR 11-04200-001-TUC-RCC (JR), 2020 U.S. Dist. LEXIS 115221, 2020 WL 3574604, at *2 (D. Ariz. July 1, 2020) (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. CR 18-195-WJM, 2020 U.S. Dist. LEXIS 119523, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020).

Here, the analyzing the factors weighs heavily in favor of granting compassionate release for Ms. Parviz.  The nature of the offenses was fraud, rather than violence. False statements on a passport and identity theft in which no person was actually defrauded. While this defendant has had a very difficult last few years, prior to losing her daughter, she was leading an exceptional life. Graduating early, Harvard, medical school, no prior criminal history. With respect to the sentences available and the ranges in the Guidelines, she has agreed to probation and release terms that have her under supervision for even more time than she would be incarcerated. A compassionate release under these circumstances does not lead to sentencing disparities. Finally, her offenses were of such a nature that no restitution was required.

For the above reasons, Ms. Parviz should be granted compassionate release, and allowed to seek the medical care and recovery she requires, and which has not been provided to her by the BOP.

## V.    RELEASE PLAN

Ms. Parviz shall be released to the custody of the BOP-approved drug treatment and halfway house, Watts UP CDC.  A Letter of Acceptance by Watts Up CDC's Program Director, Ms. BaDonna Jarvis, is on file in the District Court's records.  No. 2:21-cr-00293-SB, Dkt. 123. Ms. Parviz will be receiving opiates for pain management over the course of her surgeries and recovery, and she is at high risk of physical dependence, thereby necessitating participation and

monitoring at Watts Up CDC in Los Angeles, California.  She has an exceptional support system in the greater Los Angeles area, including her sister, Dr. Maryam Parviz, who is available to coordinate Ms. Parviz's treatment.  Ms. Parviz is amenable to supervised release with or without whatever conditions as the Court deems just or necessary.  Ms. Parviz requests the Court reimburse any third party who pays for medically related expenses on her behalf, who has been determined to be indigent by this Court.

Ms. Parviz has no record of violence, including this case, so she poses a very minimal threat to the public.  Her placement on supervised release for a total of four years under previously determined conditions negates any potential threat to the community which such release may pose, and it satisfies the district court's desire to impose supervised release for a duration greater than the statutory maximum of three years. Furthermore, the United States government and Ms. Parviz have previously agreed upon supervised release conditions which this Court ordered, having considered the Section 3553(a) factors. No. 2:21-cr-00293-SB, Dkt. 121.  The only condition presently in dispute is the necessity of condition number 10, which the Court stated it would remove upon proof of Ms. Parviz's right to contact her biological daughter. Attached hereto as "EXHIBIT B" and fully incorporated herein for all purposes is a true and correct copy of the Texas Vital Statistics Unit's Certification dated September 10, 2021, which serves as conclusive proof that Ms. Parviz has parental rights to her biological daughter, and that there is no court of continuing, exclusive jurisdiction over her biological daughter in the Republic of Texas. Attached hereto as "EXHIBIT C" and fully incorporated herein for all purposes is a true and correct copy of the most recent custody orders which, pursuant to Cal. Fam. Code § 6330, survive the final disposition of a domestic violence restraining order petition. Imposition of condition number 10 interferes with the interests of comity and usurps the States'

role in deciding family law matters including child custody and parental rights determinations. Ms. Parviz nevertheless leaves the necessity of condition number 10 to the discretion of the Court and agrees to comply with whatever conditions the Court imposes to effectuate compassionate release.

## VI.    PRAYER

Defendant prays this Court issue and indicative ruling stating that it would grant compassionate release for Mahsa Parviz, under the previously agreed conditions, and whatever other conditions this Court deems to be appropriate, and that Ms. Parviz be released to Watts Up CDC forthwith so that she may undergo her necessary surgeries.

Dated: 11/9/2022

Respectfully submitted.

/s/ Thomas M. Bundy

THOMAS M. BUNDY, ESQUIRE
Attorney for Defendant

Name: <u>United States of America vs. Mahsa Parviz</u> Petitioner/Respondent

Case Number: <u>2:21-cr-00293-SB</u>

**EXHIBIT LIST**

| Letter or Number | Title or Description of Exhibit | Date of Exhibit |
|---|---|---|
| A | Defendant Mahsa Parviz's 8/31/22 request for compassion release to warden | August 31, 2022 |
| B | Texas Vital Statistics Unit 9/10/21 certification of parental rights | September 10, 2021 |
| C | Defendant Mahsa Parviz's most recent custody orders | July 2, 2021 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**Exhibit** _____ A _____

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-G-A

--------------------------------------------------------------------------------------------------------

FROM: 54652509
TO: Warden
SUBJECT: ***Request to Staff*** PARVIZ, MAHSA, Reg# 54652509, SET-D-A
DATE: 08/31/2022 02:50:09 PM

To: SeaTac Warden; FBOP Director; OGC; Counsel
Inmate Work Assignment: Compassion Release Req.

To: SeaTac Warden I. Jazquez
P.O. Box 13901
Seattle, WA 98198

This request for compassion release is being resubmitted (date of initial submission: 09/14/2021.) The initial request was
submitted to the Warden of MDC Los Angeles and denied for procedural reasons as Inmate Parviz had not yet been sentenced.
Early release and compassion release statutory requirements are now satisfied as Inmate Parviz was sentenced to 37 months
on July 12, 2022 and has been in Federal custody since July 12, 2021.

Qualifying serious and/or terminal illnesses:
Disorder of breast, unspecified, N649 - Current (see FBOP medical records: 3 pages - Generated 08/17/2021 12:03 by
Miranda, Jeannette FNP-BC; 2 pages - Generated 10/22/2021 13:46 by Hernandez, H. PA-C; 1 page - Generated 05/25/2022
08:38 by Toh, R. (MAT) MD).

Inmate Parviz has a history of breast cancer and underwent a partial mastectomy then received silicone breast implants in
2007. In August 2021, while in custody at the FBOP MDC Los Angeles, Inmate Parviz's implants ruptured and she has since
had severe breast and chest pain. Medical staff at MDC Los Angeles determined Inmate Parviz suffers from capsular
contracture and ruptured breast implants, and breast revision surgery is medically necessary. Inmate Parviz's medical records
from 05/25/2022 at 08:38 reflect an administrative note per IMS ("Integrated Medical Solutions") all of the "surgeons she called,
said it was a liability and should go back to her original plastic surgeon who did her breast implants."

Inmate Parviz require medically necessary breast revision surgery immediately and requests to be sent to Watts Up CDC
(FBOP-approved drug treatment program and halfway house) to undergo surgery in September 2022.

/s/ Mahsa Parviz
-----PARVIZ, MAHSA on 8/30/2022 5:39 PM wrote:

>

See below regarding urgent request to process transfer.

Watts Up CDC program dirctor, BaDonna Jarvis: (323) 331-7920
-----F Unit Team on 8/30/2022 8:57 AM wrote:

>
Messages for Yaple, Joyce, and Caughill need to go to D-Unit Team

From: ~^! PARVIZ, ~^!MAHSA <54652509@inmatemessage.com>
Sent: Tuesday, August 30, 2022 1:54 PM
To: SET-InmatetoFUnit (BOP) >
Subject: ***Request to Staff*** PARVIZ, MAHSA, Reg# 54652509, SET-D-A

To: Ms. Yaple; Mr. Joyce; Mr. Caughill
Inmate Work Assignment: Urgent

Date: August 12, 2022

Dear Ms. Yaple,

I've been told by my prior Unit Tam at MDC-LA that I need to coordinate transfer with my new unit team at SeaTac since I was
designated July 22, 2022. I have had a partial mastectomy with breast implants and have severe pain due to capsular

**TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-G-A**

--------------------------------------------------------------------------------------------------

contracture. Medical staff determined it's medically necessary that the implants be removed/replaced and I require reconstructive surgeries that the BOP has been unable to coordinate (it's noted by Dr. Toh in my medical records that all the specialists contacted be the BOP declined to operate on me because it's too great of a liability for them.)

Also, I'll be receiving opiates for pain management over the course of my surgeries and recovery and am at high risk of physical dependence so I'll have to be monitored at a program during my recovery (Watts Up CDC in Los Angeles, CA - I am accepted and they have a bed reserved for me. Program Director: BaDonna Jarvis) I'm supposed to undergo surgery the first week of September 2022 and need to be transferred to Watts Up CDC by the 1st week of September. I was sentenced to 37 months (served 13 months already and with FSA credits, etc., I have a few months left and am halfway house eligible.)

You can contact Ms. Shamsi Damavandi at (972) 375-1202 or SDAMAVANDI@COLLIN.EDU or attorney Thomas M. Bundy, Esq. at (909) 281) 3500 or THOMAS@BUNDY-LAW.COM.

Will you please help process my transfer?

Thank you,
Mahsa Parviz
#54652509
Unit FB, Cell 4 (now Unit DA, Cell 32)

**Exhibit** _____B_____



# Inquiry On
# Court Of Continuing Jurisdiction For A Child

This document is used to identify the court that has exclusive jurisdiction in a suit affecting the parent-child relationship or a certification that no suit affecting the child is on file with the Vital Statistics Unit.

Section 155.101 of the Texas Family Code provides that "the vital statistics unit shall, on the written request of the court, an attorney or a party: 1) identify the court that last had continuing, exclusive jurisdiction of the child in a suit and give the document number of the suit; or 2) state that the child has not been the subject of a suit". The provisions of this section apply to suits affecting the parent-child relationship filed on or after January 1, 1974. This request can be faxed to us at (512) 776-7164 or mailed to:

Texas Department of State Health Services – MC 1966
Vital Statistics Unit
Attn: CCJ Registry
PO BOX 149347
Austin Texas 78714-9347

**Please type or print clearly**

C▮▮▮▮       ▮▮▮▮▮       P▮▮▮▮
Child's full name        first        middle        last

_____
Prior name of child (if any)

Date of birth _▮▮▮▮▮▮▮▮_, in  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
              m m  d  d  y  y  y  y        city        county        state

to _____ Mahsa _____ Parviz _____
              Mother's first                last name

Andrew G. Watters, Esq.
Name of Person making inquiry

118 South Blvd.        San Mateo        CA        94402
Address                city             state     zip code

Would you like the response faxed?  ☒ Yes ☐ No    Fax No. ( 650 ) 315 -- 2169

Would you like the response mailed? ☒ Yes ☐ No    Phone No. ( 415 ) 261 -- 8527

Questions? Please contact us at (512) 776-2529.

**TEXAS**
Department of
State Health Services

### BELOW IS FOR VSU USE ONLY

| Date Sent | ☐ Positive | ☐ Negative |
|-----------|-----------|-----------|

VS-168 revised 3/13



**TEXAS**
**Health and Human**
**Services**

**Texas Department of State Health Services**

John Hellerstedt, M.D.
*Commissioner*

# FAX TRANSMISSION

**To: ANDREW G WATTERS**

**Date:  September 10, 2021**

**Fax #: 650-315-2169     Phone #:  415-261-8527**

**Pages:  2   (including this cover sheet)**

**From:**        CCJ Registry - BAK

**Contact #:**   512-776-3875

**Fax #:**        512-776-7164

**Sub:**         CCJ Registry Inquiry Response

If you also requested a hard copy – it will be mailed today.  Please contact the CCJ
staff at the number listed above for additional assistance or information.

# CONFIDENTIAL

**NOTICE**
This message/document is intended only for the use of the individual or entity to whom it is
addressed.   It may contain information that is privileged, confidential and exempt from
disclosure under applicable law.  If the reader of this message is the intended recipient or
the employee or agent responsible for delivering this message/document to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited.  If you have received this communication error, please
notify the sender immediately by telephone and return the original to sender at the above
address by U.S postal Service.

P.O. Box 149347 • Austin, Texas  78714-9347 • Phone: 888-963-7111 • TTY: 800-735-2989 • *dshs.texas.gov*

5127767274                                        03:02:17 p.m.    09-10-2021        2/2

 **TEXAS**
**Health and Human Services**

**Texas Department of State Health Services**

John Hellerstedt, M.D.
*Commissioner*

September 10, 2021

ANDREW G WATTERS, ESQ.
118 SOUTH BLVD.
SAN MATEO, CA 94402

Name:            C███████P████

Birthdate:       ████████

Place of Birth:  █████████████

Pursuant to Section 155, Texas Family Code, you are advised that according to the Central Record File, the above individual has not been the subject of a suit affecting the parent-child relationship in which a judgment was entered on or after January 1, 1974.

I, Beverly King, Texas Vital Statistics, do hereby certify that this is a true and correct statement of information contained in the Central Record File on this 10th day of September, 2021.

Beverly King on behalf of Darwa McFarland
Processing Specialist
Vital Statistics Section

P.O. Box 149347 • Austin, Texas  78714-9347 • Phone: 888-963-7111 • TTY: 800-735-2989 • *dshs.texas.gov*

**Exhibit** _____ *c* _____

| DV-110 | **Temporary Restraining Order** |

*Clerk stamps date here when form is filed.*

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL  2 2021

CLERK OF THE COURT
CARLOS AYALA
BY:_____ Deputy Clerk

*Person in ① must complete items ①, ②, and ③ only.*

**① Name of Protected Person:**
MAHSA PARVIZ

Your lawyer in this case *(if you have one):*
Name: Thomas M. Bundy        State Bar No.: 297889
Firm Name: LAW OFFICE OF THOMAS M. BUNDY, ESQ.
Address *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: 3595-1 Inland Empire Blvd. #1240
City: Ontario        State: CA        Zip: 91764
Telephone: (940) 281-3500        Fax: _____
E-mail Address: Thomas@Bundy-Law.com

*Fill in court name and street address:*
**Superior Court of California, County of**
SAN FRANCISCO
400 MCALLISTER STREET
SAN FRANCISCO, CA 94102

**② Name of Restrained Person:**
BLAKE RIAD-JAMES MASO

Description of restrained person:

*Court fills in case number when form is filed.*
**Case Number:**
CGC-21-515779

| Sex: ☒ M ☐ F | Height: 5'7" | Weight: 140 lbs. | Hair Color: BROWN | Eye Color: BLUE |
| --- | --- | --- | --- | --- |
| Race: WHITE | | | Age: 34 | Date of Birth: 12/18/1986 |
| Address *(if known):* 2343 SAYBROOK AVE. | | | | |
| City: COMMERCE | | | State: CA | Zip: 90040 |
| Relationship to protected person: Former cohabitant. former dating and/or engagement relationship. Ex-husband | | | | |

**③ ☒ Additional Protected Persons**
In addition to the person named in ①, the following persons are protected by temporary orders as indicated in items
⑥ and ⑦ *(family or household members):*

| Full name | Relationship to person in ① | Sex | Age |
| --- | --- | --- | --- |
| SHAMSI SEYED DAMAVANDI | MOTHER | F | 66 |
| BAHMAN PARVIZ-KHYAVI | FATHER | M | 69 |
| C█████ P█ | DAUGHTER | █ | █ |

☒ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-110, Additional Protected Persons" as a title.*

*The court will complete the rest of this form.*

**④ Court Hearing**
*This order expires at the end of the hearing stated below:*

| Hearing Date:  7/31/2021 | Time:  8:30 | ☑ a.m. ☐ p.m. |

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

DV-110, Page 1 of 6
→

Case Number:

**(5)** ☒ **Criminal Protective Order**

a. ☒ A criminal protective order on form CR-160, *Criminal Protective Order—Domestic Violence,* is in effect.   *MH*
Case Number: <u>M161349</u>   County: <u>San Diego</u>   Expiration Date: <u>(Unknown)</u>

b. ☐ No information has been provided to the judge about a criminal protective order.

**To the person in ②**

**The court has granted the temporary orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

**(6)** **Personal Conduct Orders** ☐ Not requested  ☐ Denied until the hearing  ☑ Granted as follows: *MH*

a. You must **not** do the following things to the person in ① and ☒ persons in ③ :

☒ Harass, attack, strike, threaten, assault *(sexually or otherwise),* hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise),* or block movements

☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means

☒ Take any action, directly or through others, to obtain the addresses or locations of the persons in ① *and* ③. *(If this item is not checked, the court has found good cause not to make this order.)*

b. Peaceful written contact through a lawyer or process server or another person for service of Form DV-120 *(Response to Request for Domestic Violence Restraining Order)* or other legal papers related to a court case is allowed and does not violate this order.

c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**(7)** **Stay-Away Order** ☐ Not requested  ☐ Denied until the hearing  ☑ Granted as follows: *MH*

a. You **must** stay at least *(specify):* <u>100</u> yards away from *(check all that apply):*

☒ The person in ①  ☒ School of person in ①
☒ Home of person in ①  ☒ The persons in ③
☒ The job or workplace of person in ①  ☒ The child(ren)'s school or child care
☒ Vehicle of person in ①  ☐ Other *(specify):* _____

b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**(8)** **Move-Out Order** ☑ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:
You must take only personal clothing and belongings needed until the hearing and move out immediately from *(address):* _____

**This is a Court Order.**

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

Case Number: _____

**(9) No Guns or Other Firearms or Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. You must:
- Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
- Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, stored, or sold. (You may use *Form DV-800, Proof of Firearms Turned In, Sold, or Stored*, for the receipt.) Bring a court filed copy to the hearing.

c. ☒ The court has received information that you own or possess a firearm. *per petitioner's declaration.*

**(10) Record Unlawful Communications**

☐ Not requested   ☐ Denied until the hearing   ☒ Granted as follows:

The person in (1) can record communications made by you that violate the judge's orders.

**(11) Care of Animals**   ☑ Not requested   ☐ Denied until the hearing   ☐ Granted as follows:

The person in (1) is given the sole possession, care, and control of the animals listed below. The person in (2) must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____

_____

**(12) Child Custody and Visitation** ☐ Not requested   ☐ Denied until the hearing   ☑ Granted as follows:

Child custody and visitation are ordered on the attached form DV-140, *Child Custody and Visitation Order* or *(specify other form):* DV-140 & attachments . The parent with temporary custody of the child must not remove the child from California unless the court allows it after a noticed hearing (Fam. Code, § 3063).

**(13) Child Support**

Not ordered now but may be ordered after a noticed hearing.

**(14) Property Control** ☐ Not requested   ☑ Denied until the hearing   ☐ Granted as follows:

Until the hearing, *only* the person in (1) can use, control, and possess the following property:
5905 Capitol Avenue #9, Dallas, TX 75206: All vital documents, records and passports of C███████ F█

**(15) Debt Payment** ☐ Not requested   ☑ Denied until the hearing   ☐ Granted as follows:

The person in (2) must make these payments until this order ends:

Pay to: Mohsen Parviz   For: Support owed   Amount: $ TBD   Due date: TBD

Pay to: _____   For: _____   Amount: $ _____   Due date: _____

**(16) Property Restraint** ☑ Not requested   ☐ Denied until the hearing   ☒ Granted as follows:

If the people in (1) and (2) are married to each other or are registered domestic partners, ☐ the person in (1) ☒ the person in (2) must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in (2) cannot contact the person in (1) if the court has made a "no contact" order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order**

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

Case Number: _____

**(17) Spousal Support**

Not ordered now but may be ordered after a noticed hearing.

**(18) Rights to Mobile Device and Wireless Phone Account**

   a. **Property control of mobile device and wireless phone account**

     ☑ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

     Until the hearing, only the person in ① can use, control, and possess the following property:

     Mobile device *(describe)* _____ and account *(phone number):* _____

     Mobile device *(describe)* _____ and account *(phone number):* _____

     Mobile device *(describe)* _____ and account *(phone number):* _____

     ☐ *Check here if you need more space. Attach a sheet of paper and write "DV-110 Rights to Mobile Device and Wireless Phone Account" as a title.*

   b. **Debt Payment**  ☑ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

     The person in ② must make these payments until this order ends:

     Pay to *(wireless service provider):* _____ Amount: $_____ Due date: _____

   c. **Transfer of Wireless Phone Account**

     Not ordered now but may be ordered after a noticed hearing.

**(19) Insurance**

   ☐ The person in ①  ☒ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

**(20) Lawyer's Fees and Costs**

Not ordered now but may be ordered after a noticed hearing.

**(21) Payments for Costs and Services**

Not ordered now but may be ordered after a noticed hearing.

**(22) Batterer Intervention Program**

Not ordered now but may be ordered after a noticed hearing.

**(23) Other Orders**  ☐ **Not requested**  ☐ **Denied until the hearing**  ☐ **Granted as follows:**

See "Attachment 23" and Attachments _____

_____

_____

_____

_____

   ☒ *Check here if there are additional orders. List them on an attached sheet of paper and write "DV-110, Other Orders" as a title.*

**(24) No Fee to Serve (Notify) Restrained Person**

If the sheriff serves this order, he or she will do so for free.

Date: _7/2/2021_                   _____ apt. 405

                                     Judge (or Judicial Officer)   Monica F. Wiley

**This is a Court Order.**

          **Temporary Restraining Order**         

                               **(CLETS—TRO)**                     

                       **(Domestic Violence Prevention)**

Case Number: _____

## Warnings and Notices to the Restrained Person in ②

### If You Do Not Obey This Order, You Can Be Arrested And Charged With a Crime.
- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

### You Cannot Have Guns, Firearms, And/Or Ammunition.

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.

### Service of Order by Mail
If the judge makes a restraining order at the hearing, which has the same orders as in this form, you will get a copy of that order by mail at your last known address, which is written in ②. If this address is incorrect, or to find out if the orders were made permanent, contact the court.

### Child Custody, Visitation, and Support
- **Child custody and visitation:** If you do not go to the hearing, the judge can make custody and visitation orders for your children without hearing from you.
- **Child support:** The judge can order child support based on the income of both parents. The judge can also have that support taken directly from a parent's paycheck. Child support can be a lot of money, and usually you have to pay until the child is age 18. File and serve a *Financial Statement (Simplified)* (form FL-155) or an *Income and Expense Declaration* (form FL-150) if you want the judge to have information about your finances. Otherwise, the court may make support orders without hearing from you.
- **Spousal support:** File and serve an *Income and Expense Declaration* (form FL-150) so the judge will have information about your finances. Otherwise, the court may make support orders without hearing from you.

## Instructions for Law Enforcement

This order is effective when made. It is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the order and then shall enforce it. Violations of this order are subject to criminal penalties.

### Arrest Required if Order Is Violated
If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

## This is a Court Order.

Revised July 1, 2016

**Temporary Restraining Order**
**(CLETS—TRO)**
(Domestic Violence Prevention)

DV-110, Page 5 of 6

→

| | Case Number: |
|---|---|

## If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, §13710(b).)

## Conflicting Orders–Priorities for Enforcement

If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced according to the following priorities (see Pen. Code, § 136.2, and Fam. Code, §§ 6383(h), 6405(b)):

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001), and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## Child Custody and Visitation

- The custody and visitation orders are on form DV-140, items ③ and ④ They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.
- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

---

### Certificate of Compliance With VAWA

This temporary protective order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA), upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

---

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

*Clerk's Certificate [seal]*

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: _____   Clerk, by _____, Deputy

**This is a Court Order.**

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

MC-025

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MAHSA PARVIZ V. BLAKE RIAD-JAMES MASO | |

**ATTACHMENT** *(Number):* 4

*(This Attachment may be used with any Judicial Council form.)*

ADDITIONAL PROTECTED PERSONS

| Full Name | DOB | Age | Sex | Relationship |
|---|---|---|---|---|
| C███████ | ██████ | ██ | ██ | Daughter |
| SHAMSI SEYED DAMAVANDI | 03/21/1955 | 66 | F | Mother |
| BAHMAN PARVIZ-KHYAVI | 12/11/1951 | 69 | M | Father |
| | | | ██ | Nephew |
| MARYAM FARAHMAND | 11/27/1980 | ~40 | F | Sister |

denied

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

MC-025

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| MAHSA PARVIZ V. BLAKE RIAD-JAMES MASO | |

ATTACHMENT *(Number):* 23

*(This Attachment may be used with any Judicial Council form.)*

ADDITIONAL ORDERS

1.  Blake Riad-James Maso, and third-parties upon receipt of this order attachment or relevant information herein, is/are restrained under Cal. Civil Code § 1708.85 from showing, posting online or on social media, or distributing in any way private, intimate or sexually explicit photos of Mahsa Parviz, or any photos depicting the likeness of Mahsa Parviz and of the Additional Protected Persons (identified in Attachment 4).

2.  Blake Riad-James Maso, and third-parties upon receipt of this order attachment or relevant information herein, is/are restrained from posting online or on social media, distributing in any way or revealing to anyone in any way Mahsa Parviz's personal medical history and that or her minor child, ▮▮▮▮▮▮▮▮P▮

3.  Blake Riad-James Maso, and third-parties upon receipt of this order attachment or relevant information herein, is/are restrained from obtaining or posting the home adddress of Mahsa Parviz and of the Additional Protected Persons (identified in Attachment 4) online or on social media, or distributing in any way, or giving to anyone without written, notarized permission from Mahsa Parviz directly.

4.  Blake Riad-James Maso, and third-parties upon receipt of this order attachment or relevant information herein, is/are restrained from taking action upon, obtaining, distributing or controlling the usage of information and records belonging to or identifying the role(s), if any, of Mahsa Parviz and the Additional Protected Persons (identified in Attachment 4) in relation to any testimony or matter investigated by an authority, board, law enforcement, administrative agency, panel, or organization.

5.  The Court finds that Mahsa Parviz and each of the Additional Protected Persons (identified in Attachment 4) is a 'Victim' as defined under Cal. Const., art. I, § 28(e), and has suffered direct or threatened physical, psychological, and/or financial harm as a result of the commission or attempted commission, facts of which are sufficiently described in DV-100 at length, of a crime or delinquent act of domestic violence perpetrated by the accused Respondent, Blake Riad-James Maso, and as Victims are therefore entitled to the following to preserve and protect the Victims rights to justice and due process:
    5a.  The Court Orders that this cause proceed under permanent seal and all information herein shall be designated Confidential and be prohibited from disclosure by all persons receiving said knowledge The EPO and custody provisions protecting the family members of Mahsa Parviz is hereby extended until further notice and hearing by this Court. Law enforcement shall take any action necessary to respond to threatened or actual child abduction of the minor child(ren) of Mahsa Parviz, ▮▮▮▮▮▮▮▮P▮▮ Pseudonyms shall be used wherever possible to protect the identities of Mahsa Parviz and the Additional Protected Persons (identified in Attachment 4) as is necessary for said Victims to be treated with fairness and respect for their privacy and dignity, be free from intimidation, harassment, and abuse; throughout the criminal or juvenile justice process.
    5b.  The Court Orders herein extend and modify the EPO as such orders are necessary to reasonably protect the Victims from the defendant and persons acting on behalf of the defendant, including, but not limited to: Roger Arash Farahmand, Lacey Amber Maso, Riad Mamdouh Maso, Karen Blakely Turner, Kristin Marie Myers, Bryan Christopher Myers, and other agents.
    5c.  The Court Orders herein require Respondent Blake Riad-James Maso, upon detention and extradition on warrants outstanding, considering the safety of the Victim and her family, fixes the amount of bail and release conditions for the defendant at SNO BOND with the recommendation of issuance of capias.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

**DV-140**   **Child Custody and Visitation Order**   Case Number:

This form is attached to *(check one):*   ☒ DV-110   ☐ DV-130

**(1)** Name of protected Person: __MAHSA PARVIZ__   ☒ Mom   ☐ Dad   ☐ Other*

**(2)** Other Parent's Name: __BLAKE RIAD-JAMES MASC__   ☐ Mom   ☐ Dad   ☒ Other*

* *If Other, specify relationship to child:* No legal relationship to child, ~~████████████████████~~

## The Court Orders:

**(3)** ☒ **Child Custody** is ordered as follows:

*TEMPORARY* — **Legal Custody** to: *(Person who makes decisions about health, education. Check at least one.)*

*TEMPORARY* — **Physical Custody** to: *(Person the child lives with. Check at least one.)*

| Child's Name | Date of Birth | Mom | Dad | Other* | Mom | Dad | Other* |
|---|---|---|---|---|---|---|---|
| a. ████████████ | ████████ | ☒ | ☐ | ☐ | ☒ | ☐ | ☐ |
| b. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| c. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

☐ *If more children, check here. Attach a sheet of aper and write "DV-140, Child Custody" for a title.*

* *If Other, specify relationship to child and name of person:* _____

**(4)** ☒ **Child Visitation** is ordered as follows:

a. ☒ No visitation to   ☐ Mom   ☐ Dad   ☒ Other *(name):* Blake Riad-James Masc unless supervised, prepare 1 week in advance and subject to any conditions such nanny will be

b. ☐ See the attached _____ - page document, dated: _____

c. ☐ The parties must go to mediation at: _____

d. ☐ Until the next court order, visitation for   ☐ Mom   ☐ Dad   ☐ Other *(name):* _____

(1) ☐ **Weekends** *(starting):* _____ *(The 1st weekend of the month is the 1st weekend with a Saturday.)*
☐ 1st   ☐ 2nd   ☐ 3rd   ☐ 4th   ☐ 5th weekend of month
from _____ at _____ ☐ a.m. ☐ p.m. to _____ at _____ ☐ a.m. ☐ p.m.
*(day of week)* *(time)* *(day of week)* *(time)*

(2) ☒ **Weekdays** *(starting):* 06/24/21 (subject to conditions imposed by Mahsa Parviz)
from THURSDAY at 10:00 ☒ a.m. ☐ p.m. to THURSDAY at 11:00 ☒ a.m. ☐ p.m.
*(day of week)* *(time)* *(day of week)* *(time)*

(3) ☐ **Other Visitation**
*Check here and attach a sheet of paper if there are other visitation days and times, like holidays, birthdays, sports events. List dates and times. Write "DV-140, Other Visitation" for a title.*

**(5)** ☒ **Supervised Visitation or Exchange**
Visits and/or exchanges of children are supervised as specified on Form DV-150, *Supervised Visitation and Exchange Order.*

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2012, Mandatory Form
Family Code, §§ 3020,3022, 3040-3043, 3100, 6340, 7604

**Child Custody and Visitation Order**
(Domestic Violence Prevention)

DV-140, Page 1 of 2
→

Case Number: _____

**(6)** ☑ **Responsibility for Transportation for Visitation**

"Responsibility for transportation" means the parent will take or pick up the child or make arrangements for someone else to do so.

a. ☐ Mom   ☐ Dad   ☑ Other *(name):* _person(s) designated by_ take children to the visits.

b. ☐ Mom   ☐ Dad   ☑ Other *(name):* ___Mahsa Parviz only__ pick up children from the visits.

c. ☑ Drop-off / pick-up of children will be at *(address):*
   900 W. Olympic Blvd., Los Angeles, CA 90013

**(7)** ☑ **Travel with Children**

☐ Mom   ☐ Dad   ☑ Other *(name):* Blake Riad-James Moss *must* have written permission from the other parent, or a court order, to take the children outside of:

a. ☑ The State of California

b. ☑ The United State of America

c. ☑ Other place(s) *(list):* no person allowed to travel with or control the physical

**(8)** ☑ **Child Abduction**   location of ☐▬▬▬▬ & ▬▬▬▬▬ absent express notarized document

There is a risk that one of the parents will take the children out of California without the other parent's permission. by

☑ The orders in Form DV-145, *Order: No Travel with Children,* are attached and must be obeyed. *(Fill out and attach Form DV-145 to this form.)*                                                      Mahsa Parviz

**(9)** ☑ **Other Orders**

*Check here and attach any other orders to this form. Write "DV-140, Other Orders" as a title*

**(10) Jurisdiction**

This court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code starting with § 3400).

**(11) Notice and Opportunity to Be Heard**

The responding party was given reasonable notice and an opportunity to be heard as provided by the laws of the State of California.

**(12) Country of Habitual Residence**

The country of habitual residence of the child or children in this case is ☑ The United States of America or ☐ Other *(specify):* _____

**(13) Penalties for Violating This Order**

If you violate this order, you may be subject to civil or criminal penalties, or both.

**(14) Duration of Child Custody, Visitation, and Support Orders**

If this form is attached to Form DV-130 *(Restraining Order After Hearing),* the custody and visitation orders in this form remain in effect after the restraining orders on For DV-130 end.

**This is a Court Order**

**DV-145 Order : No Travel With Children**

Cas eNumber:

This form is attached to DV-140, *Child Custody and Visitation Order*.

(1) **Name of Protected Person:** Dr. Mahsa Parviz        ☒ Mom   ☐ Dad   ☐ Other*

(2) **Other Parent's Name:** Blake Riad-James Maso        ☐ Mom   ☐ Dad   ☒ Other*

  *If Other, specify relationship to child:* No legal relationship to child, C ███ (DOB ███

## The Court Finds:

(3) There is a risk that *(name of parent)*: Blake Riad-James Maso        might take the children without permission
   because that parent *(check all that apply)*:

   a. ☒ Has violated—or threatened to violate—a custody or visitation order in the past
   b. ☐ Does not have strong ties to California
   c. ☒ Has done things that make it easy for him or her to take the child without permission.
      He or she has *(check all that apply)*:

   ☐ Quit his or her job                    ☒ Sold his or her home
   ☒ Closed a bank account                  ☒ Ended a lease
   ☒ Sold or gotten rid of assets           ☒ Hidden or destroyed documents
   ☒ Applied for a passport, birth certificate, or school or medical records

   d. ☒ Has a history of *(check all that apply)*:
      ☒ Domestic violence
      ☒ Child abuse
      ☒ Not cooperating with the other parent in parenting
      ☒ Taking the children without permission
   e. ☒ Has a criminal record
   f. ☒ Has family or emotional ties to another county, state or foreign country
      *Note: If (f) is checked, at least one other item in items (a)-(e) must be checked also.*

## The Court Orders:

The Court makes the orders, checked below, to prevent the parent in (3) from taking the children without
permission. These orders are valid in other states and any country that has signed The Hague Convention on the
Civil Aspects of International Child Abduction.

(4) ☒ **Post a Bond**
   The parent in (3) must post a bond for $ 1,000,000 cash        .

(5) ☒ **Do Not Move Without Written Permission of the Other Parent or Court Order**
   The parent in (3) must *not* move with the children outside ☒ This county   ☐ California
   ☒ The United States
   Other *(specify)*: Any authority over C ███ P ███ (dob ███ ) shall be in writing and notarized by Mahsa Parviz
   without written permission from the other parent or a court order.

(6) ☒ **Do Not Travel Without Permission of the Other Person or Court Order**
   The parent in (3) must *not* travel with the children outside *(check all that apply)*:
   ☒ This county   ☒ California   ☒ The United States   ☒ Other *(specify)*: No one allowed to travel w/ C ███
   without written permission of the other parent or a court order. A ███ absent permission in writing with affidavit from Mahsa Parviz

**This Is a Court Order**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2012, Mandatory Form
Family Code. § 3048, 42 USC § 11601 et seq

**Order: No Travel With Children**
**(Domestic Violence Prevention)**

DV-145, Page 1 of 2
→

Case Number:

**(7) ☒ Notify Other State of Travel Restrictions**

The parent in ③ must register this order in the state of   TX/HI/FL/NY/OH/WA/CO   before the children can travel to that state for visits.

**(8) ☒ Turn In and Do Not Apply for Passports or Other Vital Documents**

The parent in ③ must *not* apply for passports or other documents (such as visas or birth certificates) that can be used for travel, and must turn in the following documents:   All records of C███ P███ and Mahsa Parviz (med/school, passport) shall be returned to Mahsa Parviz

**(9) ☒ Provide Itinerary and Other Travel Documents**

The parent in ③ must give the other parent the following before traveling with the children:

- ☒ The children's travel itinerary
- ☒ Copies of round-trip airline tickets
- ☒ Addresses and telephone numbers where the children can be reached
- ☑ An open airline ticket for the other parent in case the children are not returned
- ☒ Other *(specify)*: Supervised by person(s) designated by Mahsa Parviz w/ all costs prepaid by Respondent

**(10) ☒ Notify Foreign Embassy or Consulate of Passport Restrictions**

The parent in ③ must notify the embassy or consulate of   Jordan, UAE, Iran, Germany   of this order and provide the court with proof of that notification within  5           calendar days.

**(11) ☒ Foreign Custody and Visitation Order**

The parent in ③ must get a foreign custody and visitation order equal to the most recent U.S. order before the children can travel to that country for visits. The court recognizes that foreign orders may be changed or enforced depending on the laws of that country.

**(12) ☒ Enforcing the Order**

The court authorizes any law enforcement officer to enforce this order. In this county, contact the Child Abduction Unit of the Office of the District Attorney at:

350 Rhode Island Suite 400N, San Francisco, CA 94103        PHONE: (628) 652-4000

**(13) ☒ Other**

Absent permission by Mahsa Parviz, C███    ███P███ shall not hold additional foreign vital documents and/or passports except as previously authorized from Iran: C███    ███P███ (dob ███  to Bahman Parviz-Khvavi (Father) & Mahsa Parviz-Khvavi & Shamsi Seved

### Notice to Authorities in Other States and Countries

This court has jurisdiction to make child custody orders under California's Uniform Child Custody Jurisdiction and Enforcement Act (California Family Code, part 3, § 3400 et seq.) and The Hague Convention on the Civil Aspects of International Child Abduction (42 U.S.C. § 11601 et seq.). If jurisdiction is based on other factors, they will be listed in paragraph 13 above.

**This is a Court Order**

**Order: No Travel With Children**
**(Domestic Violence Prevention)**

Print this form   Save this form        Clear this form

**DV-150** | **Supervised Visitation and Exchange Order** | Case Number:

This form is attached to ☐ DV-110, *Temporary Restraining Order*   ☐ DV-130, *Restraining Order After Hearing*
☒ DV-140, *Child Custody and Visitation Order*

**(1) Name of Protected Person:** MAHSA PARVIZ   ☒ Mom ☐ Dad ☐ Other*

**(2) Other Parent's Name:** BLAKE RIAD-JAMES MASO   ☐ Mom ☐ Dad ☒ Other*

*If Other, specify relationship to child: No legal relationship to C█████ █

## The Court Orders:

**(3) Mediation, Visitation and Exchange**

a. ☐ Parties must go to mediation at: _____

b. ☒ Visitation of children is supervised.

Parent to be supervised is: ☐ Mom ☐ Dad ☒ Other *(name):* Blake Riad-James Maso

c. ☒ Exchanges of children are supervised.

**(4) Schedule of Supervised Visits**

a. ☐ All visits as provided in the schedule on Form DV-140, item (4)(d) are to be supervised.

b. ☒ Supervised visits shall be _1_ visit(s) per week of _1_ hours(s) each, to be arranged with the provider.

c. ☐ Other schedule of supervised visits is attached. *(Check here and attach a sheet of paper with "DV-150, Other Schedule" for a title.)*

**(5) Type of Provider**

a. ☒ Professional (individual or supervised visitation center)

b. ☒ Nonprofessional

c. ☒ Therapeutic (licensed mental health professional)

**(6) Provider's Information**

Name: TBD by Mahsa Parviz

Telephone number: _____

Address: 900 W. Olympic Blvd, Los Angeles CA

**(7) Costs Will Be Paid As Follows:**

☐ Mom to pay: _____ %

☐ Dad to pay: _____ %

☒ Other: Blake Riad-James Maso shall advance 100% of weekly costs

**(8) Contact With Provider**

☐ Mom to contact provider before *(date):* _____

☐ Dad to contact provider before *(date):* _____

☐ Other: _____

**(9) The court also orders** *(specify):* _____

### This is a Court Order.

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2012, Mandatory Form
Family Code, § 3100, 3031

**Supervised Visitation and Exchange Order**
**(Domestic Violence Prevention)**

DV-150, Page 1 of 1

| DV-117 | Order Granting Alternative Service | Case Number: |
|---|---|---|

*This form is attached to (check one):* ☐ DV-116   ☒ Other: DV-110 _____

**① Serving the Restrained Party**

Protected party: You must have the restrained party served by following the orders below.

(a) **Deadline:** You must serve the restrained party by *(date):* 5 DAYS BEFORE HEARING

(b) **Papers to Serve** *(check all that apply):*

    (1) ☐ A copy of this order, including form DV-116
    (2) ☒ Form DV-210
    (3) ☒ All the documents indicated on form DV-109, item ⑥
    (4) ☒ Other: DV-117, DV-140, EPO-001, CR-160, Appendix I: Emergency Rules Related to COVID-19

(c) **How to Serve Papers**

    (1) ☒ **Substituted Service**

        (A) ☒ **Home or mailing address:** You must have your server (1) leave a copy of all the papers listed ①b at the restrained party's home or usual mailing address with an adult that lives there, and (2) mail a copy to the restrained party to the same address.

        (B) ☒ **Workplace:** You must have your server (1) leave a copy of all the papers listed in ①b at the restrained party's workplace with someone who seems to be in charge, and (2) mail a copy to the restrained party at the same workplace.

    (2) ☐ **Publish in a newspaper**

        (A) You must have form DV-210 published at least once a week for 4 weeks in a row with the newspaper listed here: _____

        (B) If you find an address for the restrained party while form DV-210 is published in the newspaper, you must have someone mail all the papers listed in ①b to that address.

    (3) ☐ **Post papers at the courthouse**

        (A) You must have your server post form DV-210 for 28 days in a row at the courthouse located at *(address):* _____

        (B) You must have your server mail a copy of the papers listed in ①b to the restrained party's last known address: _____

        (C) If you find an address for the restrained party, you must have your server mail all the papers listed in ①b to that address.

    (4) ☐ **Other:** _____

*For more information on alternative service, read form DV-205-INFO, What if the Person I Want Protection from is Avoiding (Evading) Service?*

**② Findings That Support This Order**

(a) The protected person has made diligent efforts to have the restrained party personally served but has been unsuccessful.

(b) There is reason to believe that the restrained party is avoiding (evading) service.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
New January 1, 2020, Mandatory Form
Family Code, § 6340(a)(2)

**Order Granting Alternative Service**