TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

MAHSA PATVIZ (# 54652509)
c/o FDC SeaTac
P.O. Box 13900
Seattle, WA 98198

FILED
CLERK, U.S. DISTRICT COURT
JAN 16 2024
CENTRAL DISTRICT OF CALIFORNIA
BY TV DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MAHSA PARVIZ<br>Defendant. | Case No. 2:21-cr-00293-SB (DMGx)<br><br>MOTION FOR SENTENCE REDUCTION |

COMES NOW Defendant MAHSA PARVIZ and files Defendant's MOTION FOR SENTENCE REDUCTION pursuant to 18 U.S.C. Sec. 3582(c)(2), in accordance with United States Sentencing Guidelines ("USSG") Sec. 1B1.10(b)(1) and Amendment 821 to the USSG. Defendant moves this Honorable Court, on an ex parte basis, for appointment of the Federal Public Defender's Office in the instant cause. Defendant further renews her previous motion for compassionate reasons for the changed circumstances detailed infra.

I.   BACKGROUND

1.1   Following a 3-day jury trial that concluded on December 16, 2021, Defendant was found guilty of one count of False Statement on Passport Application in violation of 18 U.S.C. Sec. 1542 and one count of Aggravated Identity Theft in violation of 18 U.S.C. Sec. 1028(A).

1.2   On July 12, 2022, Defendant was sentenced to 61 months in the custody of the United States Bureau of Prisons ("BOP"), followed by 3 years of supervised release. Defendant filed a timely notice of appeal and the direct appeal remains pending.

1.3   At Defendant's sentencing, the Court found that at the time Defendant committed the instant offense, Defendant was on probation in the state of Texas and, therefore, Defendant's criminal history points were increased by 2 points under USSG Sec. 4A1.1(d).

1.4   Defendant now files the instant motion to reduce her sentence due to the retroactively applicable Amendment 821, which took effect on November 1, 2023 and abolished "status points" assigned for being under a criminal justice sentence during the commission of the instant offense for offenders with 7 or less criminal history points and for those with criminal history points greater than 7, mandates a 1-point increase. Defendant argues that she is now a category V offender with 12 criminal history points as a review of the original PSR provides that Defendant's May 2011 DUI does not count towards her points calculation as she did not serve time or violate probation on said offense. Accordingly, under the new sentencing guidelines and with only 1 status point, defendant has 12 points and her sentencing range is much less than the sentence she received.

1.5   Defendant's risk of recidivism is low/medium. Defendant qualifies for FSA credits. Had Defendant been sentenced on or after November 1, 2023, Defendant's criminal history category would have been reduced from VI to V.

1.6   Defendant has completed numerous classes, including WorkKeys - for which she received the first platinum certificate issued by the Education Department at FDC SeaTac, Trauma In Life, Drug Education and 'NRDAP', the non-residential portion of the BOP's 'RDAP' program, which provides an early release incentive under 18 USC Sec. 3621. Defendant has worked in the Psychology Department as a Suicide Watch Inmate Companion. Defendant and has demonstrated good conduct in her disciplinary history throughout her incarceration. Moreover, defendant has personally struggled with the BOP's delays with addressing her severely painful and dangerous implant defects, which the BOP has finally authorized surgical removal of on December 12, 2023, but has yet to schedule an appointment. These delays only underscore Defendant's dire need to be released so that she can better address her health problems which the BOP has finally agreed is medically necessary for Defendant. Defendant respectfully requests this Court take into consideration the foregoing facts when resentencing Defendant

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----------------------------------------------------------------------------------------

to provide an effective sentence that avoids unwarranted sentencing disparities among similarly situated defendants.

1.7   Accordingly, Defendant respectfully requests that her sentence be reduced to a term of imprisonment not to exceed 24 months, followed by 1 to 3 years of supervised release. Defendant further requests the Judgment include the recommendation that Defendant receive the maximum time credits available from the FSA and RDAP for release under 18 USC Sec. 3621.

## II.   LEGAL STANDARD

2.1   "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (quoting Sec. 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered by the Sentencing Commission. Effective November 1, 2023, the Commission promulgated Amendment 821, which abolishes or reduces "status points" for certain offenders and the Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. See Amendment 821.

2.2   Determining whether a sentence reduction is appropriate under Sec. 3582(c)(2) "requires a two-step inquiry" Dunn, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG Sec. 1B1.10." Id. That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses and certain offenders. See USSG Sec. 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG Sec. 1B1.10(b)(1).

2.3   If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court must consider "applicable Sec. 3553(a) factors and determine whether . . . the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dunn, 728 F.3d at 115 (internal quotation marks and citation omitted). The Sec. 3553(a) factors include "the nature and circumstances of the offense and history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." Id at 1158 (internal quotation marks and citation omitted).

## III.   ARGUMENT

3.1   The initial inquiry is whether Defendant is eligible for a sentence reduction. Amendment 821 to the Sentencing Guidelines amended USSG Sec. 4A1.1(d) and abolished 'status points' assigned for being under a criminal justice sentence during commission of the instant offense for offenders with less than 7 criminal history points and reduced the amount of 'status points' assigned for those offenders with greater than 7 points. This triggers the inquiry requirement as Defendant is now eligible for a reduction under 3582(c)(2). Defendant, whose circumstances include sustaining injury to her chest in August 2021 and implant malfunction as a result thereof while in BOP custody and several years of good conduct over her years of rehabilitation in BOP custody, should be sentenced accordingly to 24 months in the custody of the BOP and 1 year of supervised release.

3.2   Turning now to the second step of the inquiry, the Court must consider whether a reduction under Sec. 3582 is appropriate given the facts of this case. Defendant argues that she should be re-sentenced to a term of imprisonment not to exceed 24 months, to be followed by 1 year of supervised release. Defendant has demonstrated exemplary behavior and received positive reports from her supervisors at her work assignment in the Psychology Department. She has assisted at-risk inmates on a pro bono basis with preparing petitions for relief from the court and most notably, has obtained compassionate release for two inmates who petitioned on the basis of their high-risk pregnancies. She has tutored eight inmates, three of whom have successfully obtained a GED. Defendant has demonstrated that she is highly motivated and capable of self-improvement and reform in any environment.

3.3   Defendant is a dedicated medical research scientist whose Government-sponsored research is publicly available on https://www.nih.pubmed.gov. She presently directs a successful non-profit which has expanded from Massachusetts and Texas to the greater Los Angeles metroplex. Her nonprofit helps restructure healthcare facilities with an efficient patient-centered medical home model that helps families and children make health-conscious choices within their respective communities. Her nonprofit has had full industry support by FILO America, Inc. in Los Angeles, California for the past five years, and a letter of support is on file as an exhibit within the June 28, 2022 Notice of Filing and Sentencing Memorandum of Defendant Mahsa Parviz. Defendant anticipates returning to her nonprofit work which is local to the Central District of California.

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

3.4  Although the Government paints an outrageously incorrect narrative of Defendant's custodial and family history, Defendant believes all the gaps and concerns can be addressed with open communication by counsel and the parties from both sides in the instant cause. Defendant is actively involved with the Persian Jewish community locally and has numerous family, including her partner, a sister, cousins, and aunts, who reside in this district. Defendant has also been a local resident for over a decade, and the Government's trial Exhibit 51 shows Defendant's California ID card on which Defendant's residential address is listed as within this District. In light of the foregoing, the original PSR which details Defendant's lack of violent history, and the lack of threat to public safety, this Court should reduce Defendant's sentence as prayed for herein.

IV.   CONCLUSION

4.1  Wherefore, Defendant prays that her motion to reduce her sentence be granted pursuant to 18 U.S.C. Sec. 3582(c)(2) and that she be resentenced to a term of imprisonment not to exceed 24 months, to be followed by a 1 year term of supervised release, and a $200 penalty assessment.

Date: January 9th, 2024

Respectfully submitted,

_____/s/_____Mahsa Parviz
MAHSA PARVIZ

FEDERAL DETENTION CENTER
NAME: Mahsa Parviz
REG: 54652509  UNIT: DA
P.O. BOX 13900
SEATTLE, WA. 98198-1090

SEATTLE WA 980
10 JAN 2024 PM 2 L

US Courthouse
ATTN: Clerk (for filing in Cause No. 2:21-cr-00293-SB)
255 East Temple St.
Los Angeles, CA 90012

90012-333299

Case 2:21-cr-00293-SB   Document 182   Filed 01/16/24   Page 5 of 5   Page ID #:2309