UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>MAHSA PARVIZ,<br><br>         Defendant. | Case No. 2:21-cr-00293-SB-1<br><br>ORDER DENYING EX PARTE APPLICATION FOR BOND ON APPEAL [DKT. NO. 175] |

    Defendant Mahsa Parviz was convicted of two felonies stemming from a scheme to kidnap her biological daughter (C.P.), during which she presented false information to fraudulently obtain an emergency passport.  At the time of the incident, Parviz's parental rights had been terminated, and she was restrained from contacting her daughter.  Parviz appealed her conviction.  Dkt. No. 127.  With the appeal pending, Parviz applies ex parte for bond.  Dkt. No. 175.  The government opposes her application.  Dkt. No. 179.  Because Parviz has not shown by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of others if released, the Court DENIES her application.

I.

    In June 2019, Parviz applied for an emergency passport for C.P.  She supported her request with a letter allegedly written by a medical provider claiming that C.P. required emergency medical treatment outside the country and a flight itinerary purporting to show she and C.P. were scheduled to leave immediately for that surgery.  The emergency application was granted, and Parviz received a passport for C.P.  Dkt. No. 125 (Amended PSR) ¶¶ 6–10.  After receiving the passport, Parviz flew to Texas in furtherance of a scheme to kidnap C.P. but was apprehended by the local police before she could take C.P.  The police searched her car and found packed suitcases, international travel documents (including C.P.'s passport), and written notes detailing Parviz's criminal plan to take C.P. to

1

another country.  PSR ¶ 38.  Parviz was charged with two felonies: making a false statement in an application for a U.S. passport and aggravated identity theft.  Dkt. No. 1.  At trial, the Government presented evidence that Parviz's parental rights had been terminated, the letter was false, and that she had forged the medical provider's signature on it.  A jury found her guilty on both counts.  Dkt. No. 69.  Parviz has an extensive criminal history.  She previously had been convicted of crimes for abandoning or endangering a child; attempted kidnapping of her nephew and, in a separate incident, of C.P; tampering with a government record; and forgery of a financial instrument.  PSR ¶¶ 31–38.  She also has a history of filing false police reports.  PSR ¶¶ 43–46.  Accordingly, Parviz had a category VI criminal history at sentencing, PSR ¶ 41, and has been designated as having a high risk of recidivism if released, Dkt. No. 155-4 (Ex. C).

From arraignment until now, three different judges (some more than once) have independently evaluated whether Parviz presents a flight risk or a danger to others and have unanimously answered that question in the affirmative.  Before trial, Parviz was ordered detained at arraignment after a thorough analysis of these factors, and her detention was twice affirmed on reconsideration.  Dkt. No. 18 (McDermott, M.J.) (ordering detention due to flight and safety risk based in part on Parviz's untruthfulness to pretrial services, history of fraud, prior abuse of process, and continued assertion of parental rights despite termination); Dkt. No. 47 (McDermott, M.J.) (denying release on reconsideration, finding unsuitability of bail offers from parents who "enable Defendant's actions," and noting Parviz previously removed electronic leg monitor and absconded); Dkt. No. 55 (Gee, J.) (denying release on reconsideration, finding clear and convincing evidence of danger to others and preponderance of evidence of flight risk).

After Parviz was tried and convicted, this Court concluded at sentencing that Parviz was a substantial threat to public safety and that a sentence on the high end of the guideline range was strongly warranted.  Dkt. No. 148.  After sentencing, Parviz moved for an indicative ruling on compassionate release, and this Court again found that she was a danger to the public, finding that her "extensive and escalating criminal history—including her persistence using extraordinary, elaborate, and criminal means to take C.P. from her foster family—demonstrate her danger to the public and the low likelihood she will be deterred from further criminal actions."  Dkt. No. 164.

In December 2023, Parviz filed this ex parte application[1] for bond pending appeal under 18 U.S.C. § 3413.

II.

Section 3143 requires that a person found guilty and sentenced to a term of imprisonment shall be detained while an appeal is pending, unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal . . . raises a substantial question of law or fact . . .

18 U.S.C. § 3143(b)(1). This test is conjunctive—a defendant with a meritorious appeal may not be released unless he also demonstrates by clear and convincing evidence that he is not a flight risk or danger to others. *Id.*; *accord United States v. Dade*, 959 F.3d 1136, 1139 (9th Cir. 2020).

III.

Parviz has not provided clear and convincing evidence that she is not a flight risk or a danger to others. In its opposition papers, the government has chronicled her continual use of fraud, deception, and abuse of legal process to attempt to flee judicial supervision and kidnap her biological daughter (and on a separate occasion, another child). Dkt. No. 179 at 2–7. She is in the highest criminal history category contemplated by the sentencing guidelines, and her prior charges include child endangerment, kidnapping, driving while intoxicated, evading arrest, forgery, and numerous violations of her conditions of release. *Id.* at 6–7. She has made false police reports, forged court documents, lied to tribunals in two states, and fabricated damaging legal allegations against her daughter's caretakers. *Id.* at 4. Judge Gee previously found by a preponderance of the evidence that she was a flight risk, and by clear and convincing evidence that she poses a danger to other persons and the community. Dkt. No. 55. Parviz has not presented evidence in her application suggesting either conclusion was wrong, much less clear and convincing evidence that the Court should reach the opposite conclusion after she was convicted of committing the charged crimes.

---

[1] The Court ordered briefing and received both an opposition and reply.

    Parviz attempts to address her flight risk and danger to others with the following points: (1) she believes she is likely to prevail on appeal, which would reduce her sentence, thus motivating her not to violate the terms of her release; (2) she no longer has a passport, so she is unable to flee the country; (3) her parents are willing to secure her bond with their house; and (4) she has been accepted into Cornerstone Sober Living Facility.  None of these arguments is persuasive.  As for the first, Parviz was aware of the consequences of her criminal behavior before committing her most recent crimes (as she previously had served custody time), and yet she was determined to kidnap C.P. and flee the country.  Parviz has not presented any substantial evidence that she is not only less determined but also more aware of the wrongfulness of her prior conduct.  As for her lack of passport, she is currently in prison for fraudulently obtaining one.  She has not shown that she is incapable of attempting to do so again.  As for her parents' posting a bond, Parviz has not shown that the risk of property loss to her parents is a sufficient inducement for her to respect the law and comply with court orders.  Her prior conduct suggests otherwise.  Finally, the sober living residence is not a lockdown facility and is thus an insufficient guard against flight and threat to public safety.

## IV.

    The Court does not find clear and convincing evidence that Parviz is not a flight risk and is not a danger to others.  Consequently, § 3143 does not authorize bond on appeal and the Court need not analyze whether her appeal raises a substantial question of law or fact.  Accordingly, Parviz's application for bond pending appeal is DENIED.

Date: January 29, 2024

                                             Stanley Blumenfeld, Jr.
                                             United States District Judge