UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MAHSA PARVIZ,<br><br>    Defendant. | Case No. 2:21-cr-00293-SB-1<br><br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

      Defendant Mahsa Parviz was convicted at trial of making a false statement in a passport application and aggravated identity theft. Dkt. No. 77. In July 2022, the Court sentenced her to 37 months on the first count, followed by 24 months on the second (equating to 61 months of imprisonment total), followed by three years of supervised release. Dkt. No. 121. She filed a notice of appeal shortly thereafter. Dkt. No. 127. In November 2023, the U.S. Sentencing Commission amended the sentencing guidelines to eliminate or reduce the additional criminal history points for offenses committed while under a criminal justice sentence, depending on the defendant's criminal history. United States Sentencing Commission, Guidelines Manual App. C., Amdt. 821 (Supp. Nov. 2012–Nov. 2023) (modifying U.S.S.G. § 4A1.1). The amendment applies retroactively. U.S.S.G. § 1B1.10(d)–(e). Based on this amendment, Parviz moves to reduce her sentence under 18 U.S.C. § 3582(c)(2). The government opposes. Because any motion for reduction in sentence in this Court is barred by her pending appeal, the Court analyzes her motion under Federal Rule of Criminal Procedure 37[1] and DENIES it because she is ineligible for relief under Amendment 821.

---

[1] Defendant previously moved for an indicative ruling that the Court would grant her motion for compassionate release under 18 U.S.C. § 3582(c)(1) (Dkt. No. 150), which the Court denied (Dkt. No. 164).

I.

A.

Generally, "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). While a court may not grant a motion for relief while an appeal is pending, Federal Rule of Criminal Procedure 37 grants the court the authority to (1) defer consideration, (2) deny the motion, or (3) indicate that it would grant the motion if the court of appeals remands. Fed. R. Crim. P. 37. In the interest of judicial economy, the Court considers the merits as authorized by Rule 37. *See United States v. Velasquez*, No. 12-cr-877-4 at *3, (D. Ariz. Oct. 1, 2020) (analyzing merits of 18 U.S.C. § 3582(c) motion under Rule 37 during pendency of appeal in interest of judicial economy).

B.

Section 3252, which sets forth the process for reducing a sentence pursuant to a retroactive amendment to the sentencing guidelines, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 821 is "consistent with applicable policy statements issued by the Sentencing Commission." *See* U.S.S.G. § 1B1.10(d)–(e) (listing Amendment 821 as applying retroactively). Courts analyze 3582(c)(2) motions in two steps: first determining whether the application of the amendment would result in a reduced guideline range, and, if it does, then determining whether to reduce the sentence after considering the § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Amendment 821 changes the calculation of a defendant's criminal history category for offenses committed while under a criminal justice sentence. Prior to the amendment, defendants who committed the charged offense while under a

criminal justice sentence received two additional criminal history points. After the amendment, no additional criminal history points are added if the defendant has six criminal history points or less, and one additional criminal history point is added if the defendant has seven or more points. U.S.S.G. § 4A1.1(e). The total points determine a defendant's criminal history category, which is then applied to the offense level to determine the guideline range. U.S.S.G. § 5A.

## II.

The Court first analyzes whether the amendment reduces Parviz's guideline range. The guidelines instruct the court to determine the amended guideline range "that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court "shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* The guidelines generally prohibit a court from reducing a sentence below the amended guideline range. *Id.* § 1B1.10(b)(2)(A). And where an amendment does not lower the applicable guideline range, a reduction in sentence is not authorized. *Id.* § 1B1.10(a)(2)(B).

In this case, Parviz's criminal history score was 15 at her original sentencing, which included 13 points for her prior criminal convictions and 2 points for having committed the charged offenses while under a criminal justice sentence. Dkt. No. 125 ¶¶ 39–41. This placed her in criminal history category VI. *Id.* ¶ 41; *see also* U.S.S.G. § 5A (noting that a score of 13 or more falls within criminal history category VI). Under the amendment, Parviz would receive 1 point instead of 2 for having committed the charged offenses while under a criminal justice sentence. U.S.S.G. § 4A1.1(e). Her total criminal history score would therefore be 14—which continues to place her in category VI, the same category she had at sentencing. U.S.S.G. § 5A. Parviz's amended guideline range is therefore no different from her original guideline range. Because the amendment does not have the effect of lowering Parviz's guideline range, a reduction is not authorized.[2]

---

[2] In two letters, Parviz requests appointment of counsel (as well as a document examiner and a licensed family law expert) to assist with her motion. Dkt. Nos. 183, 185. She discloses her intention to file evidence that the judgment against her in a Texas state child custody case was fraudulent, that a third party was responsible for some of the conduct attributed to her, and that the government has

3

Accordingly, the Court DENIES the motion.

Date: March 6, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

incorrectly represented and grossly overstated her criminal history. Dkt. No. 185. She argues that without counsel she will be prejudiced in her ability to present evidence supporting her motion. *Id.* However, Parviz has no Sixth Amendment right to counsel here. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (holding that a defendant does not have "a Sixth Amendment right to counsel when bringing a § 3582(c) motion" to address an amendment to the sentencing guidelines). Nor is appointment otherwise warranted. The additional evidence she seeks to develop is irrelevant because her motion requires only a determination of the effect of Amendment 821 on her guideline calculation. Accordingly, the Court denies Parviz's request for appointment of counsel for purposes of this motion.