UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>v.<br><br>MAHSA PARVIZ,<br><br>      Defendant. | Case No. 2:21-cr-00293-SB-1<br><br>ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE (DKT. NO. 191), DENYING MOTION FOR EXTENSION OF TIME TO FILE A REPLY (DKT. NO. 193), AND DIRECTING SERVICE |

      On January 16, 2024, Defendant Mahsa Parviz filed a motion for a reduction in sentence. Dkt. No. 182. The Court ordered the government to submit a response by March 8, after which the matter would be deemed submitted unless the Court requested further briefing. Dkt. No. 186. The government filed its opposition on March 5, and the Court did not request further briefing. Dkt. No. 187. The Court denied the motion on March 6, finding that Parviz is not eligible for a sentencing reduction because the amendment does not alter her criminal history category. Dkt. No. 188

      On March 25, Parviz filed a document titled "ex parte motion for extension of time," stating that the government's opposition (which was sent to her by mail) arrived damaged and missing pages. Dkt. No. 193. She requested that the Court order the opposition be served on her, because she lacks access to PACER in her current detention facility. *Id.* She also requested an extension of time to file a reply. *Id.* Because the Court did not request a reply and has already ruled on the motion, and because further briefing would not alter the fact that Parviz is legally ineligible for relief on her motion for a reduction in sentence, the Court denies the request for an extension of time to file a reply. The Court ORDERS the government to serve a copy of its opposition (Dkt. No. 187), the Court's order

denying the motion (Dkt. No. 188), and this order on Parviz and to file a proof of service indicating it has done so by no later than April 5, 2024.

Separately, on March 8, Parviz submitted a filing requesting that the Court terminate supervised release. Dkt. No. 191. Parviz is currently incarcerated and not on supervised release. In any event, she has appealed her conviction and correctly acknowledges that in her motion that this Court therefore "presently lacks jurisdiction to decide this motion." *Id.*; *accord Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) ("As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal.").

Federal Rule of Criminal Procedure 37 provides the Court with three options for adjudicating such motions when deprived of jurisdiction because of an appeal: defer consideration, deny the motion, or indicate that it would grant the motion if the court of appeals remands the case. Fed. R. Crim. P. 37. This Court has already adjudicated numerous requests from Parviz to reduce or otherwise modify her sentence and has declined to do so in each instance. *See* Dkt. No. 164 (denying motion for compassionate release); Dkt. No. 184 (denying motion for bond on appeal); Dkt. No. 188 (denying motion for reduction in sentence). Parviz presents no new information, authority, or argument in her request to terminate supervised release. The Court declines to give Parviz a fourth bite at the apple, particularly when it does not appear ripe. The Court thus DENIES the motion at Dkt. No. 191.

Date: April 2, 2024

_____
        Stanley Blumenfeld, Jr.
        United States District Judge