TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SEI ~-A

--------------------------------------------------------------------------------

MAHSA PARVIZ
P.O. Box 13900
Seattle, WA 98198



FILED
CLERK, U.S. DISTRICT COURT
APR 26 2024
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | D.C. No. 2:21-CR-00293-SB |
| Plaintiff, | C.A. No. 22-50160 |
| v. | MOTION FOR RECONSIDERATION |
| MAHSA PARVIZ, | |
| Defendant. | |

  COMES NOW, Defendant MAHSA PARVIZ, and files this MOTION FOR RECONSIDERATION as permitted under Local Criminal R. 57-1 and Local Civil R. 7-18.

  I. PROCEDURAL BACKGROUND

  1.1   Parviz filed a Motion for Sentence Reduction, which was subsequently denied without notice to Defendant (Dkt. 188) and without an opportunity to complete briefing. Parviz did not receive an opposition from the Government until after the denial and moved this Court for an Order directing Defendant to serve her with certain filings, including the Opposition and relevant orders.

  1.2   On April 2, 2024, this Court issued an Order directing Plaintiff to serve Defendant with certain filings and orders relevant by April 5, 2024 (Dkt. 194).

  1.3   Parviz now files, within 14 days of service of relevant filings and orders, this Motion for Reconsideration of her Motion for Sentence Reduction and for Appointment of Counsel due to manifest error and the changed circumstances which are described infra and supported by the record in this cause.

  II. LEGAL STANDARD

  2.1   In this district, a motion for reconsideration may be made on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7-18. The rule further states that motions for reconsideration may not "repeat any oral or written argument made in support of, or in opposition to, the original motion." Id.

  2.2   Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Universal Dyeing & Printing, Inc. v. U.S. Textile Printing, Inc., No. CV 09-09132 DDP (VBKx), 2011 U.S. Dist. LEXIS 134595, 2011 WL 5865567, at *1 (C.D. Cal. Nov. 21, 2011) (internal quotation marks omitted) (quoting Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)).

  III. ARGUMENT

  3.1   Defendant respectfully requests that this Court take the newly discovered evidence into consideration. See Declaration of Mahsa Parviz. The exhibits attached thereto contain a fraudulent 2018 affidavit from the Texas family court proceedings and the Government committed a Brady violation by withholding this exculpatory evidence from Defendant before trial. Defendant and her family have not been making false statements to law enforcement over the past 7 years when alleging that Defendant's daughter had been kidnapped. The district court claimed Defendant has attempted four bites at the apple, whereas it is clear that Defendant has only been given a lemon. Due to the unusual circumstances, Defendant should be appointed counsel in the district court and her Motion for Sentence Reduction should be granted.

  3.2   Defendant also requests that this Court take into consideration the commission of clear error in calculating her criminal

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----------------------------------------------------------------------------------------

history points. In denying the Motion for Sentence Reduction, the Court failed to properly calculate Defendant's criminal history points. The Court simply restated an incorrect calculation based upon its inclusion of a "2015" DUI instead of a 2011 DUI in calculating the sentence, thereby incorrectly concluding that her amended guideline range has not changed when, in fact, as supported by the original PSR, the 2011 DUI cannot be included in calculating her criminal history score and would make the original score 13, within Category VI. Amendment 821 reduces Defendant's "status points" from two to one, thereby reducing her criminal history points to 12. Defendant's amended guideline range is now within Category V. This clear error resulted in the Court's incorrect conclusion that Defendant is ineligible for a reduction.

IV. PRAYER

4.1   WHEREFORE, PREMISES CONSIDERED, Defendant prays that the district court reconsider its denial of the Motion for Sentence Reduction and Appointment of Counsel, that the district court grant the relief initially sought therein, and that any and all relief to which Defendant may be entitled be granted.

DATED: April 16, 2024.

Respectfully submitted,

_____/s/ Mahsa Parviz
MAHSA PARVIZ

2 of 2

Mahsa Parviz #54652509  DA unit
Federal Detention Center Seatac
P.O. Box 13900
Seattle, WA 98198

SEATTLE WA 980
23 APR 2024 PM 6 L

RECEIVED
CLERK U.S. DISTRICT COURT
APR 26 2024
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

CR

US District Court
Attn: Clerk (file in cause No. 2:21-cr-00293-SB)
255 East Temple St.
Los Angeles, CA 90012



4/16/24 Motion for Reconsideration