UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>MAHSA PARVIZ,<br><br>      Defendant. | Case No. 2:21-cr-00293-SB<br><br>ORDER DENYING MOTION TO DISQUALIFY [DKT. NO. 209] |

      Defendant filed a motion to disqualify this Court under 28 U.S.C. §§ 144 and 455. Dkt. No. 209. The motion is meritless.

      The standard for disqualification under § 144 and § 455 is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotation omitted).

      Defendant contends the Court has "personal bias or prejudice" against her because: (1) her "former attorney, Andrew George Watters," made "improper ex parte contact" with the Court and government counsel that interfered with the case and "communicated false, disparaging statements"; and (2) the Court allegedly supported Watters' campaign for U.S. Congress. Dkt. No. 209 at 3–4. In support of these allegations, Defendant identifies a website operated by Watters and a suit Watters filed against her, *Watters v. Parviz*, No. 2:23-cv-00755 (W.D. Wash.).

      The allegations are unfounded.  The Court has not had any improper contact with Watters and has never supported him in any political campaign.  To the extent that Watters has made any disparaging remarks about Defendant on a website or in a lawsuit, his remarks cannot be reasonably construed to call into question the Court's impartiality.  *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) ("Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" as well as "baseless personal attacks . . . the judge by a party" are insufficient to require disqualification.) (cleaned up).

      The motion is therefore denied.

Date: January 2, 2025

                                              Stanley Blumenfeld, Jr.
                                              United States District Judge