MAHSA
P.O. Box 89880;
Oklahoma City, OK 73189
mparvizaehw@emailinterface.org
(972) 375-1202



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, <br><br> v. <br><br> MAHSA PARVIZ, Defendant. | No. 2:21-cr-00293-SB (DMGx) <br><br> MOTION FOR NEW TRIAL (Fed. R. Crim. P. 33, 37, and FRAP 12.1); REQUEST FOR COUNSEL (18 USC § 3006A) |

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

MAHSA PARVIZ

No. 2:21-cr-00293-SB

MOTION FOR NEW TRIAL

**Form No. CrR33:3 Motion for New Trial—Newly Discovered Evidence**

[Caption. See Form No. CrR33:1]

**MOTION FOR NEW TRIAL**
(Fed. R. Crim. P. 33)

Relief Sought

Mahsa Parviz [*Name of defendant*] moves this Court under Rule 33 of the Federal Rules of Criminal Procedure for an order granting defendant a new trial. Parviz further requests, on an ex parte basis, appointment of counsel (18 USC § 3006A).

Grounds for Relief

Mahsa Parviz [*Name of defendant*] is entitled to a new trial on the ground of newly discovered evidence. As more fully shown in the accompanying Affidavits of Record at Dkt. #196 and #199, and the sealed exhibits at Dkt. #199 and #201.

1. Despite due diligence in the pretrial investigation of this case and considerable efforts to discover and obtain the use of all relevant evidence in this matter, Mahsa Parviz [*defendant*] was ignorant of and unable to present certain evidence at the trial. On March 6, 2024, this Court recognized the substance of Parviz's newly discovered evidence (see Attachment)

2. The newly discovered evidence was discovered after the verdict was returned in this case, when a witness contacted Parviz in Feb. 2024. [describe circumstances of discovery, e.g., a witness called counsel for the defendant and stated that she recognized defendant's picture when it was shown on the TV news. She had not previously realized that the defendant had been charged with a crime or that she had relevant evidence and a new witness, former Dallas County, TX evidence DA, Don Michael Barbour, has been located after travel and unavailability at trial in December 2021.

3. The newly discovered evidence contains proof of her parental rights and clear and convincing support for the defendant's alibi defense. of fraud, coercion, duress and lack of knowledge, and lack of jurisdiction.

4. The newly-discovered evidence is not merely cumulative of evidence already in the record, or merely impeaching in character, but is material and of such character that if received at the trial it would probably have resulted in a different verdict (counsel to supplement) [explain more fully, e.g., The newly discovered witness operates a bar and nightclub called "_____" in _____ (city, state). Unknown to the defendant, the angled mirrors above the bar at this establishment are, in fact, one-way mirrors and the witness, who works in the business offices with views through these mirrors remembers that the defendant was in the establishment on the night and during the time of the charged offense. The witness claims to remember because the bouncer called her on the phone and spoke to her about the defendant, who was pointed out to her, and she definitely remembers the defendant and his behavior on the night in question. This credible evidence clearly places the defendant at a time and place that makes it impossible for him to have committed the offense].

Papers Supporting Motion

This motion is based on this document and the Affidavits of Record and will be supplemented

090

1

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

*upon appointment of counsel* [*names of affiants*], the Supporting Memorandum, and all of the pleadings, papers, and other records on file in this action.

Dated: December 13th, 2024

[Signature block. See Form No. CrR33:1]

Respectfully submitted,

*[signature]*

MAHSA PARVIZ

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

EXHIBIT A

---

**UNITED STATES OF AMERICA, Plaintiff, v. MAHSA PARVIZ, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**2024 U.S. Dist. LEXIS 40516**
**Case No. 2:21-cr-00293-SB-1**
**March 6, 2024, Decided**
**March 6, 2024, Filed**

---

**Editorial Information: Prior History**

United States v. Parviz, 2023 U.S. App. LEXIS 24360 (9th Cir. Cal., Sept. 13, 2023)

**Counsel** {2024 U.S. Dist. LEXIS 1}For USA, Plaintiff: Jenna Wrae Long, Kathrynne Nicole Seiden, Office of US Attorney, General Crimes Section, Los Angeles, CA.
**Judges:** Stanley Blumenfeld, Jr., United States District Judge.

Opinion

**Opinion by:** Stanley Blumenfeld, Jr.

Opinion

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Defendant **Mahsa Parviz** was convicted at trial of making a false statement in a passport application and aggravated identity theft. Dkt. No. 77. In July 2022, the Court sentenced her to 37 months on the first count, followed by 24 months on the second (equating to 61 months of imprisonment total), followed by three years of supervised release. Dkt. No. 121. She filed a notice of appeal shortly thereafter. Dkt. No. 127. In November 2023, the U.S. Sentencing Commission amended the sentencing guidelines to eliminate or reduce the additional criminal history points for offenses committed while under a criminal justice sentence, depending on the defendant's criminal history. United States Sentencing Commission, Guidelines Manual App. C., Amdt. 821 (Supp. Nov. 2012-Nov. 2023) (modifying U.S.S.G. § 4A1.1). The amendment applies retroactively. U.S.S.G. § 1B1.10(d)-(e). Based on this amendment, Parviz moves to reduce her sentence under 18 U.S.C. § 3582(c)(2). The government opposes. Because any motion for reduction{2024 U.S. Dist. LEXIS 2} in sentence in this Court is barred by her pending appeal, the Court analyzes her motion under Federal Rule of Criminal Procedure 371 and DENIES it because she is ineligible for relief under Amendment 821.

I.

A.

Generally, "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). While a court may not grant a motion for relief while an appeal is pending, Federal Rule of Criminal Procedure 37 grants the court the authority to (1) defer consideration, (2) deny the motion, or (3) indicate that it would grant the motion if the court of appeals remands. Fed. R. Crim. P. 37. In the interest of judicial economy, the Court considers the merits as authorized by Rule 37. *See United States v. Velasquez*,

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

No. 12-cr-877-4 at *3, (D. Ariz. Oct. 1, 2020) (analyzing merits of 18 U.S.C. § 3582(c) motion under Rule 37 during pendency of appeal in interest of judicial economy).

B.

Section 3582, which sets forth the process for reducing a sentence pursuant to a retroactive amendment to the sentencing guidelines, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering{2024 U.S. Dist. LEXIS 3} the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.18 U.S.C. § 3582(c)(2). Amendment 821 is "consistent with applicable policy statements issued by the Sentencing Commission." *See* U.S.S.G. § 1B1.10(d)-(e) (listing Amendment 821 as applying retroactively). Courts analyze 3582(c)(2) motions in two steps: first determining whether the application of the amendment would result in a reduced guideline range, and, if it does, then determining whether to reduce the sentence after considering the § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

Amendment 821 changes the calculation of a defendant's criminal history category for offenses committed while under a criminal justice sentence. Prior to the amendment, defendants who committed the charged offense while under a criminal justice sentence received two additional criminal history points. After the amendment, no additional criminal history points are added if the defendant has six criminal history points or less, and one additional criminal history point is added if the defendant has seven or more points. U.S.S.G. § 4A1.1(e). The total points determine a defendant's criminal history category, which is then applied to the offense level to determine the guideline range. U.S.S.G. § 5A{2024 U.S. Dist. LEXIS 4}.

II.

The Court first analyzes whether the amendment reduces Parviz's guideline range. The guidelines instruct the court to determine the amended guideline range "that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court "shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* The guidelines generally prohibit a court from reducing a sentence below the amended guideline range. *Id.* § 1B1.10(b)(2)(A). And where an amendment does not lower the applicable guideline range, a reduction in sentence is not authorized. *Id.* § 1B1.10(a)(2)(B).

In this case, Parviz's criminal history score was 15 at her original sentencing, which included 13 points for her prior criminal convictions and 2 points for having committed the charged offenses while under a criminal justice sentence. Dkt. No. 125 ¶¶ 39-41. This placed her in criminal history category VI. *Id.* ¶ 41; *see also* U.S.S.G. § 5A (noting that a score of 13 or more falls within criminal history category VI). Under the amendment, Parviz would receive{2024 U.S. Dist. LEXIS 5} 1 point instead of 2 for having committed the charged offenses while under a criminal justice sentence. U.S.S.G. § 4A1.1(e). Her total criminal history score would therefore be 14-which continues to place her in category VI, the same category she had at sentencing. U.S.S.G. § 5A. Parviz's amended guideline range is therefore no different from her original guideline range. Because the amendment does not have the effect of lowering Parviz's guideline range, a reduction is not authorized.2

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

Accordingly, the Court DENIES the motion.

Date: March 6, 2024

/s/ Stanley Blumenfeld, Jr.

Stanley Blumenfeld, Jr.

United States District Judge

**Footnotes**

1

Defendant previously moved for an indicative ruling that the Court would grant her motion for compassionate release under 18 U.S.C. § 3582(c)(1) (Dkt. No. 150), which the Court denied (Dkt. No. 164).

2

In two letters, Parviz requests appointment of counsel (as well as a document examiner and a licensed family law expert) to assist with her motion. Dkt. Nos. 183, 185. She discloses her intention to file evidence that the judgment against her in a Texas state child custody case was fraudulent, that a third party was responsible for some of the conduct attributed to her, and that the government has incorrectly represented and grossly overstated her criminal history. Dkt. No. 185. She argues that without counsel she will be prejudiced in her ability to present evidence supporting her motion. *Id.* However, Parviz has no Sixth Amendment right to counsel here. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (holding that a defendant does not have "a Sixth Amendment right to counsel when bringing a § 3582(c) motion" to address an amendment to the sentencing guidelines). Nor is appointment otherwise warranted. The additional evidence she seeks to develop is irrelevant because her motion requires only a determination of the effect of Amendment 821 on her guideline calculation. Accordingly, the Court denies Parviz's request for appointment of counsel for purposes of this motion.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Form No. CrR33:50 Motion to Remand to District Court for Grant of Motion for New Trial—Certification by District Court That Motion Would Be Granted**

_____ [name of attorney]
_____ [name of firm]
_____ [street address]
_____ [phone number]
_____ [fax number]
_____ [e-mail address]
_____ [state bar i.d. number]
Attorneys for _____ [name of party]

UNITED STATES COURT OF APPEALS
FOR THE \_\_\_\_\_ CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Appellee ) <br> vs. ) <br> _____ [Name of ) <br> defendant], ) <br> Defendant and Appellant ) | Appeal No. _____ <br><br> District Ct. No. <br> _____ <br> District Judge: <br> _____ <br><br> MOTION FOR REMAND TO <br> CONSIDER MOTION UNDER <br> FED. R. CRIM. P. 33 |

*Relief Sought*

_____ [Name of defendant], _____ [party designation, e.g., defendant and appellant], moves this Court for an order remanding this action to the United States District Court for the _____ District of

090　　　　　　　　　　　　　　　1

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

_____, so that the District Court may grant _____ [*name of defendant*]'s motion for a new trial in an action that has been appealed to this court.

*Grounds for Motion*

A. <u>Governing Facts:</u>

The facts on which this motion is based are, as established by the Affidavit of _____ [*name of affiant*] and the exhibits attached to it: 1

1. A judgment in this case was entered on _____ [*date*] providing that _____ [*summarize nature of judgment, e.g.,* defendant was guilty of the offense of _____ (*offense*) and sentenced to _____ (*summary of sentence* ).].

2. An appeal in this case was commenced by the filing of a notice of appeal on _____ [*date*].

3. On _____ [*date*], a motion for a new trial based on newly discovered evidence was filed in the district court on the grounds that _____ [*grounds for the motion, e.g.,* newly-discovered evidence conclusively established the alibi of the defendant at the time of the alleged offense]. Despite the appeal, the district court entertained this motion under the authority of United States v. Cronic, 466 U.S. 648, 667 & n.42, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

4. The motion was made in good faith and may moot any need to proceed with this appeal. _____ [*Summarize factual basis for motion, e.g.,* On _____ (*date*), counsel for defendant was contacted by a witness who had heard a TV news report of the case and, for the first time, realized that she had important information and could corroborate the defendant's alibi. The affidavits filed with the motion show that neither the defendant nor his counsel were negligent in investigating the case and, unless the witness came forward and voluntarily identified herself, it was impossible for this witness to be located and presented at the trial. Therefore, this evidence was truly newly discovered and would, if presented at a new trial, likely change the outcome of the case].

5. As shown by the Certification of the District Court

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

attached to this motion, the District Court is inclined to grant the motion and set a new trial in this matter.

B. Legal Argument: 2

Movant should be granted a remand to the District Court for a resolution of the Criminal Rule 33 motion because:

1. Because an appeal has been filed in this action, the district court lacks the jurisdiction to grant the motion for relief from the judgment.

2. When, as in this case, the district court is inclined to grant the motion, the proper procedure is to have the District Court certify its intent to the court of appeals and for the defendant to then move, as the defendant has done in this case, for a remand that the court of appeals may grant. *See, e.g., United States v. Douglas,* 874 F.2d 1145, 1162 (7th Cir. 1989); *United States v. Draper,* 746 F.2d 662, 666 (10th Cir. 1984).

3. As explained above, the district court's inclination to grant the motion is proper, because _____
[*summarize legal ground for district court motion, e.g.,* the evidence in question represents true "newly-discovered" evidence within the meaning of Criminal Rule 33. It was discovered, as the Affidavit shows, after the trial. Even with reasonable diligence, the defendant could not have discovered the evidence at an earlier time. The evidence is central to an issue in the case, is admissible, credible, not cumulative, not merely impeachment evidence, and would undoubtedly alter the outcome in this case. In short, every required element for a new trial based on newly discovered evidence under Criminal Rule 33 is almost conclusively established by the motion for a new trial that the District Court is inclined to grant. *See United States v. McGaughey,* 977 F.2d 1067, 1075 (7th Cir. 1992) (list of elements for relief on basis of newly discovered evidence).

4. A grant of the new trial motion by the District Court will, for obvious reasons, make further proceedings in this appeal moot.

5. Because the motion is being made within _____ [*number*] days following the filing of the notice of appeal, very little time or effort has been committed to this appeal by the parties and the courts. The record has not yet been finalized [*see* Fed. R. App. P. 10], or transmitted to this court. *See* Fed. R. App. 11. Therefore, no party will be prejudiced by a remand at this stage of the proceedings in

090  3

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

the appeal.

Motion _____ [*Is or* Is Not] Opposed

Prior to filing this motion, counsel for _____ [*name of moving party*] contacted the United States Attorney's office.

*[Alternative One. Motion not opposed]*

This motion is not opposed.

*[Alternative Two. Motion will be opposed]*

Counsel for the United States has stated that _____ [he *or* she] will file a response to this motion opposing it on the ground that _____ [*brief summary of grounds stated for opposing motion*].

Conclusion

For the reasons stated above, _____ [*name of defendant*] respectfully requests that this motion be granted.

Dated: _____


Respectfully submitted,



_____ [*firm name*]

By: _____ [*signature*]
_____ [*typed name*]


_____ [*address*]


_____ [*phone number*]


_____ [*e-mail address*]

090                                    4

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Attorneys for Defendant

*[Attach corporate disclosure statement,
 if not already filed with court.
See Form No. AR26.1:1 et seq.]*

CERTIFICATION OF DISTRICT COURT

The United States District Court for the _____ District of _____ has reviewed the motion for a new trial based on newly discovered evidence in the case on appeal in this court and, if this court were to remand the action to the District Court, the District Court would enter an Order granting the motion.

SO CERTIFIED.

Dated: _____

_____ *[signature]*

UNITED STATES DISTRICT JUDGE

Footnotes
1
*See* Fed. R. App. P. 27(a)(2)(B) (factual affidavits should be supplied to support any statements of fact).
2
*See* Fed. R. App. P. 27(a)(2)(A), (B)(ii), (C)(i) (legal argument must support motion, and may *not* be included in separate brief or in affidavits).

090                                              5

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



