UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAHSA PARVIZ,<br><br>　　　　Defendant. | Case No. 2:21-cr-00293-SB-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 217], MOTION TO STRIKE [DKT. NO. 237], AND EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL AND SUPPLEMENTAL BRIEFING [DKT. NO. 231] |

　　　Defendant Mahsa Parviz is serving a 61-month sentence for committing passport fraud and aggravated identity theft as part of a scheme to kidnap her biological daughter from her foster family. While incarcerated, she has twice moved unsuccessfully for compassionate release under 18 U.S.C. § 3582(c). She now moves for a third time under § 3582(c)(1)(A), reasserting the grounds raised in her first motion and further claiming that she is her daughter's only caregiver and that Bureau of Prisons (BOP) staff has abused her. The government opposes. Because Parviz has not exhausted her administrative remedies and otherwise has not demonstrated that relief should be granted, the motion is denied.[1]

I.

　　　After her parental rights were terminated, Parviz sought to kidnap her biological daughter, C.P., from her foster family and abscond from the United States with her. Dkt. No. 125 (Amended PSR) ¶¶ 7, 21, 30, 38. In furtherance of

---

[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Crim. P. 57(b).

1

the kidnapping scheme, Parviz applied for and secured an emergency passport for C.P. *Id.* ¶¶ 7–10, 30. In the passport application, she falsely represented that she was C.P.'s legal guardian and submitted a fraudulent letter purporting to be from a medical professional falsely claiming that C.P. was severely ill, could not appear to apply for her passport, and needed to travel to the United Kingdom for treatment. *Id.* ¶¶ 7–8. After securing the passport, she arranged to meet with C.P. in Texas under false pretenses, but was arrested before she could do so. *Id.* ¶ 38. In Texas state court, Parviz was convicted of attempted kidnapping and sentenced to 500 days of incarceration. *Id.* Following her release, Parviz was charged with, and convicted of, passport fraud and aggravated identity theft in this Court. Dkt. Nos. 1, 77. Based on her substantial criminal record—including convictions for attempting to kidnap her nephew and abandonment or endangerment of a child—she was placed in criminal history category VI at sentencing. Dkt. No. 125 ¶¶ 31–38, 41. She received a 61-month term of imprisonment followed by three years of supervised release, which includes a condition barring her from contacting or coming within 100 yards of C.P. Dkt. No. 124.

Parviz appealed her conviction and sentence. Dkt. No. 127. While her appeal was pending, she filed numerous motions seeking release or modification of her sentence, including two motions for compassionate release. Dkt. Nos. 150, 175, 182, 191, 204, 213. All her motions have been denied, and the Ninth Circuit has affirmed her conviction and sentence. Dkt. Nos. 164, 184, 188, 194, 206, 216; *United States v. Parviz*, 131 F.4th 966, 975 (9th Cir. 2025).

Parviz is currently incarcerated at FDC Miami but was previously held at FDC SeaTac and FDC Tallahasee. Dkt. No. 225, Ex. D. During her transfers between these facilities, she was housed temporarily at FTC Oklahoma City. *Id.* During her incarceration, the BOP has repeatedly determined that she presents a high risk of recidivism (*id.*, Ex. B) and disciplined her for violating BOP rules— e.g., abusing the mail and phones, lying to BOP staff, and refusing to obey orders (*id.*, Ex. C).

In February 2025, while at FTC Oklahoma City, she filed this motion for compassionate release under § 3582(c)(1)(A). Dkt. No. 217. The government opposes.[2] Dkt. No. 225.

---

[2] Parviz moved to strike the government's response as untimely. Dkt. No. 237. Because the government timely filed an opposition within the extended deadline, the motion is denied.

II.

Before addressing the merits, the Court considers Parviz's separate ex parte application requesting appointment of counsel under 18 U.S.C. § 3006A and an opportunity for counsel to provide supplemental briefing. Dkt. No. 231.[3] She claims she needs counsel and supplemental briefing because she was placed in administrative segregation "in relation to" further abuse by BOP staff (*id.* at 4 of 55), citing to an incident report sanctioning her and another inmate for engaging in sexual conduct (Dkt. No. 229 at 10–12 of 15). But Parviz has no Sixth Amendment right to the assistance of counsel in bringing this motion. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996). Nor has she shown any potentially meritorious basis for compassionate release requiring appointment of counsel or supplemental briefing. The application is therefore denied.

III.

A.

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (cleaned up). Parviz moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), which provides a narrow exception to the general prohibition on modifying sentences:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
> (i)   extraordinary and compelling reasons warrant such a reduction;

---

[3] Parviz also requests that the government be ordered to provide her with the records relating to its opposition to her motion. This request is denied as moot: the government served its opposition and related documents on her (Dkt. No. 226), and she cites to those documents in her reply.

3

> . . .
> And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Commission has issued a policy statement applicable to a defendant's motion for compassionate release, including a description of what constitutes "[e]xtraordinary and compelling reasons." U.S.S.G. § 1B1.13.[4]

A court conducts a three-step inquiry when a prisoner seeks compassionate release under § 3582(c)(1)(A). First, the defendant must exhaust her administrative rights with the BOP. Second, the defendant must establish "extraordinary and compelling reasons" for the requested sentence reduction and that the reduction is consistent with the U.S. Sentencing Commission's policy statement. Third, the Court must consider the sentencing factors in § 3553(a) to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to produce evidence establishing entitlement to a sentence reduction. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

B.

The government contends that Parviz has not shown she submitted a compassionate release request to the warden of FTC Oklahoma City, where she was held when she filed her motion. According to the government's investigation, Parviz emailed the warden about her FSA credits but did not request compassionate release. Dkt. No. 225 at 15–16 of 34.

---

[4] Before its November 2023 amendment, U.S.S.G. § 1B1.13 applied only to BOP-initiated compassionate release motions. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (holding that § 1B1.13 was "not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant"). The amendment now expressly extends to defendant-filed motions. U.S.S.G. § 1B1.13(a) (providing court may reduce term of imprisonment "[u]pon motion of the Director of the Bureau of Prisons *or the defendant*") (emphasis added). Courts in this circuit are divided on whether the amended guideline is binding. *See United States v. Ramirez-Suarez*, No. 5:16-CR-00124, 2024 WL 1485859, at *3–4 (N.D. Cal. Apr. 5, 2024) (discussing split). The Court need not resolve that issue here, as denial is warranted either way.

     A court may not consider a motion brought by a defendant under § 3582(c)(1)(A) unless the defendant has "requested that the BOP make such a motion and either (a) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The administrative exhaustion requirement "is mandatory and must be enforced when properly raised by the government." *Id.* at 1282.

     Parviz asserts she exhausted administrative remedies and submits a February 3, 2025 email to the warden that references her December 7, 2024 submission of an FSA credit petition "along with a request for compassionate release." Dkt. No. 217 at 40 of 82. But she provides no documentation of that request or how it was submitted. In reply, she includes what she claims is a handwritten "Inmate Request to Bureau Employee" to the warden, dated December 7, 2024, requesting compassionate release on the grounds raised in her motion. Dkt. No. 233 at 5 of 10. However, there is no substantial evidence that it was actually submitted to the warden.

     On this record, Parviz has not established exhaustion. The evidence submitted in her moving papers is insufficient, and the new evidence submitted with her reply—which was unauthorized[5]—raises serious questions about whether it was sent to the warden. The Court therefore finds that Parviz has failed to demonstrate that she exhausted her administrative remedies.

C.

     Even if Parviz had exhausted her administrative remedies, denial of her motion would be warranted for failure to demonstrate extraordinary and compelling reasons for release. Parviz raises several grounds for release, none of which—whether considered individually or collectively—is adequate.

---

[5] *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that new evidence submitted in reply should not be considered without providing the opposing party an opportunity to respond); *accord Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

First, Parviz claims that she has not received "medically necessary breast/heart surgery." Dkt. No. 217 at 6 of 82. But she raised this issue in her first unsuccessful motion for compassionate release. Dkt. No. 150. As with her prior motion, Parviz provides no evidence of her alleged medical condition, let alone that it is sufficiently serious to warrant compassionate release. *See* U.S.S.G. § 1B1.13(b)(1)(B)–(C) (providing that a medical condition can warrant release if it "substantially diminishes [the defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover" or presents a "risk of serious deterioration in health or death").

Second, Parviz claims that she has been "sexually & physically abused by the male BOP staff." Dkt. No. 217 at 6 of 82. To qualify as an extraordinary and compelling reason, physical and sexual abuse by BOP staff "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4). Parviz's bare allegations are insufficient.[6]

Third, Parviz claims that she was retaliated against for being a member of a class action involving claims of sexual abuse by inmates at FCI Dublin. But she was never incarcerated at FCI Dublin, and even if she were a class member, she offers no evidence that her alleged mistreatment—placement in a special housing unit (SHU)—was retaliatory. Dkt. No. 217 at 6 of 82. Parviz was placed in a SHU both before and after the class was certified and has an extensive disciplinary history that explains those placements. *Cal. Coal. for Women Prisoners v. United States*, 723 F. Supp. 3d 712, 731 (N.D. Cal. 2024) (certifying class on March 15, 2024); Dkt. No. 225, Ex. D (identifying that Parviz was placed in administrative or disciplinary segregation from, among other times, December 29, 2022 to April 20, 2023, January 22 to January 27, 2024, and from September 12 to December 3, 2024); *id.*, Ex. C (record showing that Parviz was disciplined on numerous occasions during her incarceration from 2021 to 2025).

Finally, Parviz claims that she is the only available caregiver for her biological daughter, C.P. Extraordinary and compelling grounds for release can

---

[6] Her late-submitted evidence in reply, showing that she filed a sexual misconduct complaint at FDC Miami—which the BOP found unsubstantiated—is unavailing. Dkt. No. 233 at 6 of 10 (notice to Parviz of completion of investigation into sexual misconduct allegations).

exist if the caregiver for a defendant's minor child dies or is incapacitated and the defendant is the "only available caregiver" for the child. U.S.S.G. § 1B1.13(b)(3). But Parviz's parental rights were terminated, and she is legally restrained from having any contact with her. Dkt. No. 124.

Accordingly, Parviz has not shown extraordinary and compelling reasons for release under § 1B1.13.

### D.

Though Parviz's failure to exhaust administrative remedies and failure to demonstrate extraordinary and compelling reasons for release are both independently sufficient to deny her requested relief, the Court further finds that the sentencing factors set forth in § 3553(a) provide another basis to deny the motion. *Keller*, 2 F.4th at 1284 (explaining that "a district court that properly *denies* compassionate release need not evaluate each step").

The Court's § 3553(a) analysis does not significantly differ from its analysis at sentencing. The nature and circumstances of Parviz's offenses weigh against her release. 18 U.S.C. § 3553(a)(1). She committed fraud in furtherance of a kidnapping scheme. Dkt. No. 125 ¶¶ 7–10, 21, 30, 38. The other factors also militate strongly against release. Parviz has a significant criminal history—including attempted kidnapping and attempted manipulation of the legal system—and the sentence imposed was appropriate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *Id.* ¶¶ 33–38, 42–52. 18 U.S.C. § 3553(a)(2)(A). The sentence also was sufficient but no greater than necessary to deter Parviz from engaging in, and to protect the public from, further criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B)–(C). Indeed, despite her conviction and sentence, Parviz continues to represent that she is C.P.'s legal guardian. Dkt. No. 217 at 6, 27, 33 of 82 (emails from Parviz to BOP staff seeking help with "family reunification," identifying herself as the only parent on C.P.'s birth certificate, and claiming C.P. is "missing"). BOP records also reveal that Parviz has repeatedly been classified as having a high risk of recidivism. Dkt. No. 225, Ex. B. None of the other statutory factors weighs in favor of compassionate release.

### IV.

Parviz's motion for compassionate release is denied for three independent reasons: she has not exhausted her administrative remedies; she has not shown

extraordinary and compelling reasons for her release; and the § 3553(a) factors weigh against her release.

Date: May 29, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge