TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

---

MAHSA PARVIZ
P.O. Box 019120
Miami, FL 33101
Tel.: (972) 375-1202
E-mail: Mahsa@BravoTeamLaw.com

FILED
CLERK, U.S. DISTRICT COURT
JUN - 2 2025
CENTRAL DISTRICT OF CALIFORNIA
BY MPV  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>MAHSA PARVIZ,<br>    Defendant. | Case No. 2:21-cr-00293-SB (DMGx)<br><br>EX PARTE MOTION FOR RELEASE ON BOND |

COMES NOW, Defendant, MAHSA PARVIZ, and moves this honorable Court for release on bond.

I.    JURISDICTION

1.1    This Court has jurisdiction to release Parviz on bond during the pendency of her habeas corpus petition. See Berrocal v. Sessions, 2018 U.S. Dist. LEXIS 232351 (11th Cir. Feb 13, 2018); Jimenez v. Aristiguieta, 314 F.2d 649, 652 (5th Cir. 1963) ("The District Court [has] inherent power as the habeas corpus court or judge to enter [an] order . . . respecting the custody or enlargement of [the petitioner]."). This Court also has jurisdiction to release Parviz on bond under the Bail Reform Act at 18 U.S.C. Sec. 3143.

II.    SPECIAL CIRCUMSTANCES

2.1    When viewed cumulatively, special circumstances exist to justify Parviz's release on bond. See Wroclawski v. United States, 634 F. Supp. 2d 1003, 1009 (D. Ariz. 2009) ("The Court finds that this case presents several special circumstances that, when viewed cumulatively, compel a finding that Plaintiff is entitled to remain released during the pendency of his habeas corpus petition.").

2.2    Parviz's status as a Harvard-trained medical research scientist with long-running relations with the United States National Institute of Health ("NIH") is a special circumstance that justifies her release on bond. Parviz's government-sponsored publications from the past two decades are available to the public on the official NIH PubMed website, https://www.nih.pubmed.gov, and can be viewed upon inputting "Mahsa Parviz" into the search query.

2.3    Parviz's status as a friend of the Court through Bravo Team Law, PLLC, a Texas-based law firm with a special interest in legal advocacy, is an additional special circumstance that justifies her release on bond. Several attorneys are willing to personally assure the Court that Parviz is not a danger to the community or a flight-risk and she will comply with any conditions necessary to effectuate her release on bond, including Parviz's appellate counsel, California attorney Karyn Hilde Bucur, Parviz's colleague at Bravo Team Law, PLLC, Texas attorney DonMichael Barbour, Parviz's personal friend and corporate litigator at K&L Gates, Florida attorney Robert Shawn Hogue, and Parviz's personal friend and counsel to her family, California and Texas attorney James Samuel Bell.

2.4    Parviz's possibility of success on appeal and post-trial challenges to the validity of her underlying convictions are also special circumstances that weigh in favor of Parviz's release on bond. On May 20th, 2025, the motion of National Association of Criminal Defense Lawyers ("NACDL") to file a brief as Amicus Curiae was granted in the Ninth Circuit direct appeal No. 22-50160 (see DktEntry 90-92 in No. 22-50160). Amongst their many arguments, the NACDL amici supporting Parviz in the above-numbered Ninth Circuit direct appeal argues that under the Supreme Court case, Dubin v. United States, 599 U.S. 100 (2023), the statutory interpretation of the aggravated identity theft statute, 18 U.S.C. Sec. 1028A, was narrowed in scope and Parviz's conduct does not constitute aggravated identity theft. Moreover, on May 9, 2025, President Donald J. Trump issued an Executive Order on Fighting Overcriminalization of Federal Regulations. Parviz's federal charges, both "strict liability" regulatory violations of the U.S. passport agency/DHS, are directly affected by the aforementioned Executive Order. The BOP and DOJ, as agencies charged with fulfilling the Executive Order's objectives, did not "clearly state whether a regulation can lead to criminal charges, what specific conduct is prohibited, and whether someone must have had intent or knowledge" as to either of

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E
--------------------------------------------------------------------------------

Parviz's two counts, and most importantly count one: 18 U.S.C. Sec. 1542, false statement on U.S. passport application. Parviz's pardon is pending.

2.5   Another special circumstance which justifies Parviz's release on bond is her status as a victim of physical and sexual abuse inflicted upon her by BOP officers Carlos Castillo and A. Williams in 2024 while in Respondents' custody at FCI Tallahassee. Parviz was placed in involuntary protective custody from September through December 2024 as a result, is currently receiving weekly therapy with Ediane Bocille, LCSW, at the Roxcy Bolton Rape Treatment Center via teleconference and is able to provide the Court with medical records upon request. Parviz's therapist has made a professional recommendation in support of Parviz's release from BOP custody in aid of her rehabilitation and therapy goals.

2.6   The final special circumstance which justifies Parviz's release on bond is the BOP's arbitrary and capricious deviation from their own Program Statements requiring the administrative processing of all inmates for release, halfway house and/or home confinement placement within 17-19 months of their release date. The BOP has been unable to effectuate the intended sentence imposed by this Court and has not applied Parviz's good time credits, FSA time credits, and other time credits correctly due to administrative errors. The BOP has incorrectly calculated Parviz's release date as January 3, 2026, and, based on this date, provided Parviz with a halfway house date of January 3, 2025, but failed to release Parviz and explained that the delay was because she was housed at the Federal Transfer Center in Oklahoma City, Oklahoma, pending transfer to FDC Miami on this date, despite a lack of any Program Statement preventing release from a transfer center. The BOP is not willing to timely address Parviz's concerns and process her halfway house or home confinement placement. Most alarmingly, when Parviz brought these issues to the BOP's attention, the Warden of FDC Miami stated "there is no timeframe" to address Parviz's concerns, in violation of the BOP's own Program Statements and Parviz's Constitutional due process rights. Per the BOP's reasoning, the BOP has indefinite time to correctly calculate Parviz's release date and process her placement at a halfway house or home confinement or alternatives to housing at FDC Miami. To date, it has been about two months since FDC Miami staff has emailed and called FCI Tallahassee staff requesting that they administratively close Parviz's halfway house files and FDC Miami staff claims they are unable to process Parviz's halfway house and/or home confinement placement files until FCI Tallahassee specifically performs. No response has been received and Parviz should not suffer in indefinite BOP custody solely because of the BOP's inaction, inability to comply with their own Program Statements or applicable law, and disparate treatment of Parviz. With good time credits, Parviz's 61 month sentence is reduced to under 52 months, and further reduced to 40 months with FSA credits. With the 17 months of other time credits which the BOP must apply under 18 U.S.C. Sec. 3585, Parviz must serve under 23 months but has served about 47 months to date.

2.7   The AUSA and BOP was notified of Parviz's intent to seek emergency relief on May 18, 2025. The BOP responded on May 21, 2025, and did not state they intend on opposing.

III.   REQUESTED RELIEF

3.1   WHEREFORE, PREMISES CONSIDERED, Parviz requests that this Court ORDER and ADJUDGE that her Ex Parte Motion for Release of Bond is GRANTED with or without any of the following conditions:

   (a) Parviz shall pay to the United States of America the sum of $1,000.00 cash deposit.

   (b) Prior to her release, Parviz shall provide her home address to the Court. Parviz shall not change her home address without permission in writing from the Court.

   (c) Parviz shall not commit any act in violation of state or federal laws.

   (d) Parviz shall surrender any and all passports and travel documents to the Pretrial Services Officer, including any visas, etc., and shall not obtain any travel documents during the pendency of this case.

   (e) Parviz shall report to Pretrial Services in person once a week as directed by the Pretrial Services Officer.

   (f) Parviz may not sell, pledge, mortgage, hypothecate, encumber, etc., any property she owns, real or personal, until the bond is discharges, or otherwise modified by the Court.

   (g) Parviz may not visit commercial transportation establishments: airports, seaports/marinas, commercial bus terminals, train stations, etc., without prior approval by the Pretrial Services Officer or this Court.

   (h) Parviz shall participate in the HOME CONFINEMENT PROGRAM and abide by all the requirements of the program which will include electronic monitoring or other location verification system, paid for by Parviz. Parviz is restricted to her

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

---

residence at all times except for work, medical needs or treatment and court appearances.

(i) Parviz shall execute a waiver of extradition that will become operative if she should flee the Court's jurisdiction and refuse to return voluntarily.

(j) Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for Parviz's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. Sec. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. Sec. 401, which could possibly result in a term of imprisonment and/or fine.

## IV.  VERIFICATION

4.1  I, MAHSA PARVIZ, am the movant filing this EX PARTE MOTION FOR RELEASE ON BOND. I declare under penalty of perjury that the foregoing is based on true and correct facts of my own personal knowledge and if called upon, I am willing and able to competently testify as to the facts herein.

EXECUTED on this 22nd day of May, 2025, at Miami, Florida.

_/s/ Mahsa Parviz_

## V.  CERTIFICATE OF SERVICE

5.1  I hereby certify that on May 22, 2025, I filed the foregoing with the Clerk of the Court in paper-form using USPS First Class Mail, and to be served on Respondents' Counsel of record by EM/ECF.

_/s/ Mahsa Parviz_

DATED: MAY 22, 2025

Respectfully submitted,

_/s/ Mahsa Parviz_
MAHSA PARVIZ
P.O. Box 019120
Miami, FL 33101

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

---

May 22, 2025

Dear Clerk,

Please file the enclosed EX PARTE MOTION FOR RELEASE ON BOND in Cause No. 2:21-cv-00293-SB and, following consideration by a Magistrate Judge, please set the matter on the Court's calendar as ordered or at the Court's earliest convenience.

If a bond is set and you can provide a link via e-mail, I would greatly appreciate it as I intend on paying via personal AMEX or firm account. As always, please do not hesitate to contact me at (972) 375-1202 or via e-mail at mahsa@bravoteamlaw.com. My partner, DonMichael Barbour, Esq., can be reached at (832) 607-9879 or donmichael@bravoteamlaw.com to coordinate payment.

Respectfully submitted,

_____/s/ Mahsa Parviz_____

