DECLARATION OF JENNA W. LONG

I, Jenna W. Long, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the Central District of California and am one of the Assistant United States Attorneys assigned to represent the government in United States v. Parviz, CR No. 21-293-SB.

2. Attached as **Exhibit A** is a true and correct copy of the Anaheim Police Department report related to defendant Mahsa Parviz's ("defendant") arrest in July 2021. The stamp "USAO_" followed by a number is the bates stamp affixed before the government turned this over to defendant, through counsel, before trial. (See Dkt. No. 240-1 at 8.) Redactions have been applied to **Exhibit A** to protect personal identifying information. An unredacted version can be provided to the Court at the Court's request.

3. Attached as **Exhibit B** is a true and correct copy of Diplomatic Security Service property and evidence receipts from July 2021. The stamp "USAO_" followed by a number is the bates stamp affixed before the government turned this over to defendant, through counsel, before trial. (See Dkt. No. 240-1 at 8.) Redactions have been applied to **Exhibit B** to protect personal identifying information. An unredacted version can be provided to the Court at the Court's request.

4. On or about June 2, 2025, I spoke to Karyn Bucur—who had been appointed to represent defendant during her direct appeal. Ms. Bucur is not a member of the District's Criminal Justice Act ("CJA") panel and is therefore not eligible for appointment in the District Court matter or the instant motion. However, Ms. Bucur remained willing to facilitate getting defendant's property returned both by making inquiries and receiving or picking it up.

5. Previously, in August 2024, Ms. Bucur contacted the government about facilitating the return of some of defendant's property on defendant's behalf and asking if the United States Attorney's Office had the items or the local law enforcement that initially arrested defendant (Anaheim Police Department). The same day Ms. Bucur contacted the government, government counsel confirmed the United States Attorney's

1  Office did not have any of the personal items Ms. Bucur referenced and that government
2  counsel was not aware of what was in the custody of Anaheim Police Department versus
3  the Diplomatic Security Service and provided the Anaheim Police Department report for
4  her reference since she was not counsel of record when this was provided in discovery to
5  defendant.

6        6.     Later in August, Ms. Bucur informed government counsel she was having
7  trouble contacting the Diplomatic Security Service whom she believed to have the
8  property based on the provided report.  Government counsel provided two phone
9  numbers for Ms. Bucur to use to contact the Diplomatic Security Service on September
10 3, 2024.  Ms. Bucur confirmed receipt of them and also said she would contact the
11 Anaheim Police Department investigator to confirm the property requested was given to
12 the Diplomatic Security Service.  I did not hear from Ms. Bucur about any additional
13 issues with the property return until I spoke to her on June 2, 2025.

14       7.     During my June 2, 2025 discussion with Ms. Bucur, I explained that
15 defendant's personal effects (jewelry, cash, wallet, pens, etc.) could all be returned.  I
16 informed Ms. Bucur that it was my understanding the Diplomatic Security Service does
17 not have any suitcases in their possession.  I also explained there were concerns about
18 returning the papers or electronics as is given the papers included evidence of efforts to
19 locate the foster family of C.P. as well as fraudulent legal filings defendant has made
20 based on what the case agent saw in the documents during the pendency of the case.  I
21 asked if Ms. Bucur would discuss with defendant if she would consent to the electronics
22 being "wiped" before being returned.  Ms. Bucur agreed to do so.

23       8.     On June 5, 2025, I was forwarded an email sent to the United States
24 Attorney for the Central District of California from an email
25 ccallahanwedh@emailinterface.org purporting to be defendant.  According to defendant,
26 I was copied, however I did not receive this email until it was forwarded to me by the
27 United States Attorney.  A true and correct copy of the email I was forwarded is attached
28 as **Exhibit C**.  The name of the inmate in the subject line and seemingly part of the email

address is the name of an inmate currently at the Danbury, Connecticut Federal Correctional Institution according to my search on the federal inmate locator. I am not aware whether @emailinterface.org is a permitted email for inmates to use, in my experience (and according to the Bureau of Prison's website) email with Bureau of Prisons inmates is through Trulincs or Corrlinks.

9. On July 1, 2025, I informed Karyn Bucur—by email and then by phone later that day—that the vast majority of the property in its possession the government was able to be returned whenever she could come to the federal building to get it, and I could help coordinate that pick-up of the items. However, because of the location of the federal building, Ms. Bucur informed me that unless she otherwise had to travel near the federal building, it was too inconvenient for her to make the trip just to pick up defendant's property. I asked if Ms. Bucur was aware of anyone else who could pick up defendant's property on her behalf and Ms. Bucur wasn't sure of anyone, but said she would get back to me.

10. Also during our July 1, 2025 call, Ms. Bucur confirmed that defendant declined to agree to the government "wiping" the electronic devices before their return, but that she wanted to talk to defendant about it again, with the added context of how much other property the government was willing to return, and to specifically review the written waiver I provided. As of the time of this filing, Ms. Bucur has not informed me of a change in defendant's position, nor has she identified individual to pick-up the property but that if she did she would inform me by email or memorandum with letterhead, as required by the Diplomatic Security Service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on July 7, 2025.

JENNA W. LONG
Assistant United States Attorney
Terrorism and Export Crimes Section