MAHSA PARVIZ
P.O. Box 019120
Miami, FL 33101
Tel.: (972) 375-1202
Email: Mahsa@BravoTeamLaw.com



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, <br><br> v. <br><br> MAHSA PARVIZ, Defendant. | Case No. 2:21-cr-00293-SB (DMGx) <br><br> MOTION TO CORRECT ERRORS IN PSR (DKT. 118) |

Comes Now, MAHSA PARVIZ, Defendant, and moves this Court to correct errors within the PSR (Dkt. 118) which Defendant reviewed for the first time on July 2, 2025 at FDC Miami in the office of case manager Ms. Ortiz. The initial PSR was completed without an interview with Parv[iz] and the errors in the version of the PSR of July 7, 2022 (Dkt [118]) directly impact the BOP's ability to correctly compute Parviz's FSA Time Credit Assessment and it was suggest[ed] to Parviz by BOP staff to seek corrections within the PSR, as Parviz seeks herein:

FIRST ERROR -

1.1 On pg. 6, page ID#: 712 of Dkt. 118, it incorrectly states "On the advice of counsel, Parviz did not discuss the specifics of the offense but noted that the factual basi[s] of the Plea Agreement reflected her conduct in the instant ca[se]

1 of 3

FORTH ERROR-

4.1 On page 15, Page ID #721 of Dkt. 118, paragraphs 48 and 49 must be removed as they indicate that Parviz was arrested on "07/04/2011" and "09/17/2..." when Parviz was not arrested, nor was she ever charged as a result of the described incidents which were obtained from the agency, Frisco (Texas) Police Department police reports. Parviz requests omission of paragraphs 48 and 49 as these incidents have been erroneously computed into Parviz's "History of Violence" calculations by The BOP when they are only incident reports which never resulted in arrests or criminal charges. Alternatively, Parviz requests This Court issue a directive to the BOP to not include these portions of her PSR in the History of Violence calculation to reduce by 7 points. See "EXHIBIT D"

Dated: July 2, 2025

Respectfully,

Mahsa Parviz

3 of 3



EXHIBIT A

9. Furthermore, Parviz also presented to the application clerk a flight itinerary showing flights departing for the United Kingdom.

10. On June 12, 2019, a fully valid United States passport and United States passport card were issued to Parviz for C.P.

### Victim Impact

11. As a result of this offense, the identify theft victim B.B. did not suffer any known losses.

12. A victim impact statement was mailed to the victim. To date, no return victim impact statements have yet been received.

### Adjustment for Obstruction of Justice

13. The Probation Officer has no information indicating Parviz impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

14. Parviz did not plead guilty in this case and challenged the factual elements of her guilt, putting the Government to its burden of proof at trial.

15. On February 28, 2022, Parviz was interviewed by the Probation Officer in the presence of counsel via the court's video teleconferencing (VTC) system as Parviz was in pretrial detention in the Metropolitan Detention Center, Los Angeles. ==On the advice of counsel, Parviz did not discuss the specifics of the offense but noted that the factual basis of the Plea Agreement reflected her conduct in the instant case==.

### Offense Level Computation

16. The 2021 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11.

17. The behavior involving Parviz's application for a United States passport and passport card for C.P. at the Los Angeles Passport Agency on June 11, 2019, including using the fraudulent doctor letter purporting to be from B.B., as well as her behavior involving picking up the issued passport and passport card on June 12, 2019, is all considered relevant conduct because this behavior all occurred during the commission of the offenses of conviction.

18. Count Two is not grouped with Count One pursuant to USSG §3D1.1(b), in that any count for which the statute mandates a consecutive sentence is excluded from grouping.


EXHIBIT B

**Adult Criminal Conviction(s)**

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 33. | 05/31/2011 (Age 19) | Texas Penal Code 49.04: Driving while intoxicated (misd.)/ Dallas County Criminal Court, Dallas County, TX; Docket No.: M1149337K | 04/16/2012: 12 mos. community supervision, ~~150 days jail~~ | 4A1.1(b) 4A1.2(e)(2) | ~~2~~ 1 |

Parviz was represented by counsel. On November 16, 2012, a bench warrant was issued for Parviz's arrest for alleged violations of her community supervision. On September 18, 2013, Parviz was discharged from community supervision. Parviz is identified as "Mahsa Paruiz" in this case.

According to the affidavit for warrant of arrest and detention by a trooper of the Texas Highway Patrol Service, a trooper stopped Parviz for drunk driving. A portable breath test indicated Parviz's blood-alcohol content was 0.116. Parviz refused to cooperate in a blood test, and a warrant had to be obtained to test her blood.

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 34. | 07/12/2017 (Age 24) | Texas Penal Code 32.21(d): Forgery of financial instrument (fel.)/ 219th District Court, Collin County, TX; Docket No.: 219-83499-2017 | 10/31/2018: 5 years deferred adjudication w/ community supervision | 4A1.1(c) 4A1.2(e)(2) 4A1.2(f) | 1 |

Parviz was represented by counsel. On October 31, 2018, Parviz pled guilty and was sentenced to five years of deferred adjudication with community supervision.

On November 6, 2020, Parviz was sentenced to six months in jail for violating the conditions of her community supervision. Pursuant to USSG §4A1.2, N.11, where a revocation applies to multiple sentences, and such sentences are counted separately, the term of imprisonment imposed upon revocation is added to the sentence that will result in the greatest increase in criminal history points. The revocation imposed on November 6, 2020, applied to the sentences in docket nos. 219-83499-2017, 219-81286-2018, and 219-81679-2018, but is added only to docket no. 219-81286-2018 because it results in the greatest increase in points.

NO. M1149337K

THE STATE OF TEXAS

VS.

MAHSA PARUIZ

CCC #9

DALLAS COUNTY, TEXAS

OCTOBER TERM, 2012

FILED
JOHN F. WARREN, COUNTY CLERK
NOV 16 2012
COUNTY CRIMINAL COURT
DALLAS COUNTY, TEXAS
BY _____ DEPU

## MOTION TO REVOKE PROBATION

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That **MAHSA PARUIZ**, Defendant, was duly and legally convicted in the above entitled and numbered cause in **CCC #9** of Dallas County, Texas, on the **16th** day of **APRIL** A.D. **2012**, for the offense of: **DRIVING WHILE INTOXICATED**

and placed on probation for a period of **12** months.

That Defendant has violated the following conditions of said probation in that:

**SEE ATTACHED**

This violation-offense occurred after **APRIL 16, 2012** and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the probation should not be revoked; and that upon a final hearing, the probation heretofore granted said Defendant be revoked.

This the ___ day of November 2012

LAST KNOW ADDRESS:

15025 FARMCOTE DR.
FRISCO, TX 750350000

_____
Assistant District Attorney

### ORDER

The Clerk of this Court is directed to issue a capias for the arrest of the Defendant in the above styled and numbered cause, requiring that the Defendant be held to answer to this Court for the violation of the conditions of probation set out in the Motion to Revoke Probation filed this date.

DATE: 11/14 2012

_____
Judge PEGGY HOFFMAN
Dallas County, Texas

C-510298/YG

1 of 2


was in a shopping center. Parviz had rented a space there for an hour under the name "Mary Salazar." Deputies observed Parviz arrive at the business shortly before the scheduled appointment time and observed she had dyed her hair an orange/blonde and was wearing colored contact lenses. In her vehicle, deputies observed a child car seat and luggage. The vehicle itself was a rental car with registration expired in February 2019. A deputy entered the business and identified himself as C.P.'s foster father. Parviz informed him that she would have to interview the child alone and that he could leave in the meantime. The deputies then identified themselves and arrested Parviz. Parviz refused to identify herself to deputies.

In a search of Parviz, and then her vehicle, deputies located evidence which indicated Parviz intended to leave the United States with C.P. Deputies found a variety of identification documents for both Parviz and her sister, including Iranian passports for both and a United States passport for her sister. The deputies also found the fraudulent United States passport and passport card for C.P. In addition, there was also luggage and various written notes which together suggested Parviz intended to leave the United States with C.P. and assume her sister's identity.

**Criminal History Computation**

39. The criminal convictions above result in a subtotal criminal history score of ~~13~~ 12.

40. USSG §4A1.1(d) provides for a two-level increase if the defendant committed the instant offense while under a criminal justice sentence. Application Note 4 states that, for purposes of this item, a "criminal justice sentence" means a sentence countable under §4A1.2 having a custodial or supervisory component, although active supervision is not required for this item to apply. Parviz committed the instant offense while under a diversionary sentence, which included five years of community supervision in docket nos. 219-83499-2017, 219-81286-2018, and 219-81679-2018. Therefore, two points are added pursuant to USSG §4A1.1(d).

41. The total criminal history score is ~~15~~ 14. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of ~~15~~ 14 establishes a criminal history category of VI.

13


EXHIBIT D

for Protection and Release of Medical Information." The police department did not act on these fraudulent documents.

**Pending Charges**

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 47. | 07/23/2019 (Age 27) | PC 487: Grand theft Failure to appear | Mountain View Police Department | 10/13/2021: Arrest warrant issued |

According to the Mountain View Police Department, Parviz was staying with the victim. When she left, she took a couple of pieces of the victim's jewelry and a wallet.

**Other Arrests**

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 48. | 07/04/2011 (Age 19) | Assault w/ bodily injury on family member | Frisco (Texas) Police Department | No record of court action |

According to the Frisco Police Department incident report, officers responded to Parviz's parent's house because of a fight between Parviz and her sister. Both blamed the other.

| | | | | |
|---|---|---|---|---|
| 49. | 09/17/2016 (Age 24) | Texas Penal Code 22.01: Assault w/ bodily injury on a family member | Frisco (Texas) Police Department | No record of court action |

According to the Frisco Police Department incident report, officers responded to Parviz's parent's house after she physically assaulted her sister. Officers had been at the residence earlier that morning as well. It was clear that Parviz was suffering from a mental health episode, and she was placed into protective custody and transported to Green Oaks Hospital in Dallas, Texas.

| | | | | |
|---|---|---|---|---|
| 50. | 07/12/2017 (Age 25) | Fraudulent use/possession of identifying information on 5 or less items; Docket No.: 219-83500-2017 | 219th District Court, Collin County, TX | 11/01/2018: Dismissed |

Mahsa Parviz #54652509
c/o FDC Miami
P.O. Box 019120
Miami, FL 33101

Roybal CR Courthouse
255 East Temple St.
Los Angeles, CA 90012

MIAMI FL 330
7 JUL 2025 PM 6 L

RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 10 2025
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY