TRULINCS  54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

-----------------------------------------------------------------------------------------------------------------------

FROM: 54652509
TO: *Clerk*
SUBJECT: REPLY TO GOVERNMENT'S OPPOSITION (Dkt. 278)
DATE: 07/21/2025 09:14:02 PM

MAHSA PARVIZ
P.O. Box 019120
Miami, FL 33101
Tel.: (972) 375-1202
E-mail: Mahsa@BravoTeamLaw.com

FILED
CLERK, U.S. DISTRICT COURT

AUG - 1 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

v.

MAHSA PARVIZ.

Cause No. 2:21-cr-00293-SB (DMGx)

REPLY TO GOVERNMENT'S OPPOSITION TO
MOTION FOR RETURN OF PROPERTY (Dkt. 278)
(SUBJECT TO VERIFIED MOTION FOR TIME
EXTENSION FOR NEW COUNSEL)

COMES NOW, Defendant, MAHSA PARVIZ, and files this REPLY TO GOVERTNMENT'S OPPOSITION TO MOTION FOR RETURN OF PROPERTY (Dkt. 278) (SUBJECT TO VERIFIED MOTION FOR TIME EXTENSION FOR NEW COUNSEL).

Parviz seeks to address the Government's misconceptions that Defendant is attempting to obtain property under Fed. R. Crim. P. 41(g): Parviz has never cited such authority, nor does she now, and Parviz actually filed her Motion for Return of Property in an attempt to enforce the Judgement of Conviction in this cause, given the Government's waiver of forfeiture of all items subject to the Motion for Return of Property at the sentencing hearing on July 12, 2022.

Moreover, Parviz is not the actual owner of numerous items listed within the Motion for Return of Property and the Government's Opposition thereto. The true owner of the electronic devices subject to dispute is Dr. Maryam Farahmand (nee Parviz). The Government reports to be in possession of at least two forms of identification belonging to Dr. Maryam Farahmand, with whom Parviz was travelling with at the time of her arrest on July 12, 2021. Both Farahmand and Parviz are heavily involved in litigation and have substantially assisted various Government agencies. Finally, Parviz notifies this Court that counsel will be entering a Notice of Appearance to address this and other motions before the district court and this Reply is subject to a decision on the Verified Motion for Time Extension for New Counsel as well as Counsel's future decisions.

I.      REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR RETURN OF PROPERTY (Dkt. 278)

AUSA Jende Long has the burden of preservation of all evidence and anything otherwise is considered spoliation, especially in these circumstances where the property in dispute which the Government has so conveniently "lost" contained case files with exculpatory evidence.

On July 12, 2021, Anaheim Police Department took possession of property solely for Federal authorities to take for the purposes of the instant prosecution as Parviz was arrested under a "Fugitive from Justice" warrant under the instant case, which was then sealed. There were no other charges filed against Parviz and the police report from the rental car agency was determined to be false.

The fact that the Federal authorities cherry-picked through what they wanted to keep does not make them any less liable for the property which Anaheim Police Department took and preserved solely for the Federal authorities in this prosecution. The Ninth Circuit contains ample case law supporting this argument. Moreover, from the outset, Parviz has suspected spoliation. The Government and the Federal authorities' selective retention of evidence proves this fact.

Parviz is merely trying to get the property subject to forfeiture returned to its proper owners pursuant to the final Judgment of Conviction entered on July 12, 2022. To enter an order permitting the Government to destroy evidence in its possession which would benefit Parviz would be condoning spoliation and the commission of Brady violations as well as prosecutorial misconduct, which Parviz will demonstrate to this Court if the Court permits inspection of certain records in the Government's possession. If the Court does not rule to return all property to its rightful owners, this Court should schedule a hearing to review

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

--------------------------------------------------------------------------------

all tangible records in open Court.


II.      VERIFIED MOTION FOR TIME EXTENSION FOR NEW COUNSEL

Parviz again renews her Verified Motion for Time Extension for New Counsel, which she mailed for filing on July 15, 2025, the same day she was served with the Government's Opposition to Motion for Return of Property (Dkt. 278). This Reply is time filed within five (5) days of service, as the fifth day fell on a Sunday and the next business day, Monday, July 21, 2025, is therefore the due date of the instant Reply. In the interests of time, Parviz is replying to the best of her ability, and Counsel will supplement.

AUSA Jende Long wants the data subject to dispute wiped clean because Parviz has screen shots of the Dallas County District Court website from on or around July 1, 2021, and is able to use said information to prove prosecutorial misconduct on AUSA Jende Long's part. AUSA Jende Long and federal agents directed a falsified docket entry be made on the Dallas County District Court's docket in order to fraudulently bring Parviz into a higher category during sentencing, Category VI, when Parviz would not have received two points for said offense from May 31, 2011, for which she entered a diversionary plea of guilt before the court ("PGBC") and successfully completed probation in 2013. At all times relevant, Parviz was represented by David Burrows, Esq., a highly respected and now-retired DUI attorney in the state of Texas. Parviz intends on introducing testimony from David Burrows, Esq., and others to show the court that this was no mere mistake and was instead very deliberate act of prosecutorial misconduct which was committed, sanctioned by and/or condoned by AUSA Jende Long.

On July 15, 2025, Parviz spoke to her Appellate and SCOTUS CJA panel attorney, Karyn H. Bucur, regarding attorney representation in the district court. Bucur notified Parviz that she has been in contact with an individual in charge of attorney appointment in the Central District of California USDC and that she requires additional time to attempt to contact the personnel in charge of district court attorney appointment since Bucur does not take CJA appointments in the district court, as previously informed to this Court by the Government in their Motion for a 30-day extension of time to file their Opposition to Parviz's Motion for Return of Property.

Based on the conversation with Attorney Bucur, Parviz needs an additional 30-days for new counsel to enter a Notice of Appearance and address district court matters. Parviz does not fully comprehend the law and facts within the Government's Opposition (Dkt. 278), which she received by mail on July 15, 2025, and is actively seeking counsel to address her concerns in the district court. Bucur has emailed through the proper channels and AUSA Jene Long is copied on all correspondence regarding Parviz's new district court attorney.

Although Parviz is entitled to CJA panel attorney appointment as she is presently indigent, Parviz is also attempting to find privately retained counsel. Should CJA panel appointment be unavailable, Parviz is actively consulting with K&L Gates, agencies and additional attorneys in private practice who may be obligated to indemnify Parviz due to the Government's request to copy and/or delete data that is privileged or subject to additional protections which prohibit the Government from copying, deleting or tampering with said data.

Finally, the data that the Government seeks to copy and/or delete or tamper with is necessary for the active State Bar of California disciplinary prosecution of Parvis's former district court attorney in this matter, Thomas Michael Bundy, who is presently facing 25 counts of misconduct relating to his representation of Parviz in this case. Parviz's new district court attorney needs additional time as they will need to communicate with the State Bar of California and other agencies which Parviz has assisted, including Dallas County, Texas, and Travis County, Texas. The data the Government seeks to copy and/or delete is of utmost importance to said agencies as well as other agencies and individuals, and Parviz must be represented by an attorney in this district court matter.

Accordingly, Parviz requests a 30-day extension of time to permit new counsel to represent her in the district court.

VERIFICATION

I, MAHSA PARVIZ, am the Defendant in this cause. I hereby swear under penalty of perjury that the foregoing facts, which are based upon my personal knowledge, are true and correct.

EXECUTED on this 21st day of July, 2025, at Miami, Florida.

_____/s/ Mahsa Parviz_____
MAHSA PARVIZ

2 of 3

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

--------------------------------------------------------------------------------------------

DATED: JULY 21, 2025

Respectfully submitted,

_____/s/ Mahsa Parviz_____
MAHSA PARVIZ

### CERTIFICATE OF SERVICE

I, MAHSA PARVIZ, hereby swear under penalty of perjury that I deposited the foregoing VERIFIED MOTION FOR TIME EXTENSION FOR NEW COUNSEL in the FDC Miami A East unit mailbox for filing with the Clerk of Court by USPS First Class mail on July 21, 2025, and to be served on opposing counsel, AUSA Jende Long and Bilal Essayli, via CM/ECF at the following e-mail address of record: bilal.essayli@usdoj.gov

DATED: JULY 21, 2025

_____/s/ Mahsa Parviz_____
MAHSA PARVIZ

3 of 3



Mahsa Parviz (#54652507)
c/o FDC Miami
P.O. Box 019120
Miami, FL 33101

Roybal Courthouse
Attn. Clerk (file in 2:21-cr-00293-SB)
255 East Temple St.
Los Angeles, CA 90013

MIAMI FL 330
29 JUL 2025 PM 4 L

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG - 1 2025
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

90013-333259

⚹ 7/21/2025 Reply to Government's Opp (Dkt. 278)