UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAHSA PARVIZ,<br><br>　　　　Defendant. | Case No. 2:21-cr-00293-SB-1<br><br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND APPOINTMENT OF COUNSEL [DKT. NO. 288] |

　　　This is Defendant Mahsa Parviz's fourth motion for compassionate release from a 61-month sentence for committing passport fraud and aggravated identity theft as part of a scheme to kidnap her biological daughter from her foster family. She seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on allegations that she was sexually assaulted by an inmate due to the negligent conduct of Bureau of Prisons (BOP) staff.  Dkt. No. 288 at 1.  Because she has not exhausted her administrative remedies and otherwise has not demonstrated that relief should be granted, the motion is denied.[1]

　　　First, Parviz fails to establish exhaustion of administrative remedies.  18 U.S.C. § 3582(c)(1)(A) (before moving for compassionate release, defendant must "fully exhaust[] all administrative rights to appeal a failure of [BOP] to bring a motion on the defendant's behalf or [wait until] the lapse of 30 days from the

---

[1] Parviz's request for appointment of counsel is also denied.  *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (no Sixth Amendment right to the assistance of counsel in bringing a compassionate-release motion); *United States v. Thompson*, No. 21-50130, 2022 WL 522415, at *1 (9th Cir. Feb. 22, 2022) ("To the extent Thompson claims that he was entitled to appointment of counsel for his compassionate release motion, his claim is unavailing.")

receipt of such a request by the warden of the defendant's facility, whichever is earlier"). She states that she "notified BOP staff of her intent to seek compassionate release and was told the BOP will waive the 30 day [Administrative Procedure Act] notice requirement given the exigent circumstances [and] the fact that [she] gave notice to executive staff acting on behalf of the warden" on the same day of the alleged assault. Dkt. No. 288 at 1–2. However, Parviz provides neither any documentation or evidence of her communications with any BOP staff member, nor any authority suggesting the BOP has authority to waive the 30-day requirement. These vague assertions are insufficient to establish exhaustion or waiver of the exhaustion requirement. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding that district courts may not "excuse a defendant's failure to satisfy [the exhaustion] requirement over the government's timely objection").

Second, Parviz has not shown extraordinary and compelling reasons for release. *See* 18 U.S.C. § 3582(c)(1)(A) (defendant must show "extraordinary and compelling reasons warrant" a reduction of her sentence). As this Court previously explained in response to Parviz's prior compassionate release motion:

> To qualify as an extraordinary and compelling reason, physical and sexual abuse by BOP staff "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4).

Dkt. No. 244 at 6. As in her prior motion, Parviz's "bare allegations" without any showing of criminal or civil liability or imminent danger are insufficient to show extraordinary and compelling reasons for release. *Id.*

Third, early release is inappropriate based on an evaluation of the § 3553(a) factors. 18 U.S.C. § 3553(a)(1). The Court incorporates by reference its previous analysis of those factors. Dkt. No. 244 at 7.

Accordingly, her motion is denied.

Date: August 19, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge